KNICKERBOCKER TRUST CO. v. TARRYTOWN, W. P. & M. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department.   June 29, 1910.)

1. STREET RAILROADS (§ 55*)—MORTGAGES—FORECLOSURE—PARTIES—INTERVEN-
TION AFTER JUDGMENT.

Where, after judgment in proceedings to foreclose street railroad mort-
gage, the village of M. intervened under a stipulation that it be made
a party without prejudice to any proceedings taken prior to the date
of the stipulation, and that its claims be heard by the referee previ-
ously appointed and determined as if the village had been an original
party, the village did not thereby become an original party to the ac-
tion, but should be treated as having intervened at the foot of the judg-
ment as a creditor to establish claims before the referee against the
proceeds of the sale, and hence was not entitled to move to vacate a part
of the judgment authorizing the purchaser to disavow and to assign to the
receiver any contract, lease, municipal consents, franchise, or agreement
sold as a part of the railroad property which the purchaser did not de-
sire to assume.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 134;
Dec. Dig. § 55.*]

2. PARTIES (§ 38*)—DEFINITION—INTERVENTION AFTER JUDGMENT.

"Parties" in the larger legal sense are all persons having a right to con-
trol proceedings, to make a defense, to adduce and cross-examine wit-
nesses, and to appeal from the decision, if an appeal lies, and does not
include mere interveners joining at the foot of the judgment as creditors.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 38.*

For other definitions, see Words and Phrases, vol. 6, pp. 5202–5213;
vol. 8, p. 7747.]

3. FRANCHISES (§ 1*)—NATURE.

A franchise is property which may survive the corporation that re-
ceived and exercised it.

[Ed. Note.—For other cases, see Franchises, Cent. Dig. § 1; Dec. Dig.
§ 1.*

For other definitions, see Words and Phrases, vol. 3, pp. 2929–2942;
vol. 8, p. 7666.]

4. JUDGMENT (§ 672*)—CONCLUSIVENESS—PARTIES.

That a village intervened after judgment in foreclosure proceedings
against a street railroad company as a creditor at the foot of the judg-
ment, to establish claims against the property in the hands of the rail-
road company's receiver, did not render the judgment conclusive as
against the village in so far as it authorized the purchaser to reject any
contracts, franchises, rights, etc., purchased at the sale which it did not
desire to assume on its assigning the same to the receiver.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1186; Dec. Dig.
§ 672.*]

Appeal from Special Term, Westchester County.

Action by the Knickerbocker Trust Company as trustee against
Tarrytown, White Plains & Mamaroneck Railway Company and oth-
ers, in which the Village of Mamaroneck intervened. From an order
denying the intervener's application to open a foreclosure decree, in-
tervener appeals. Affirmed.

See, also, 123 N. Y. Supp. 1124.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

William L. Rumsey, for appellant.

Charles H. Tuttle, for respondent.

Middleton S. Borland, for Tarrytown, White Plains & Mamaroneck Ry. Co. and others.

William Greenough (Charles F. Mathewson, on the brief), for Westchester St. R.

JENKS, J.   This is an appeal from an order of the Special Term that denies a motion made by the village of Mamaroneck to modify the judgment of foreclosure and sale herein by striking out part thereof.   The mortgage covered all the real estate, franchises, rights, and property of the defendant corporation, together with all lands, properties, franchises, rights, and privileges that might thereafter be acquired.   It was dated March 1, 1898, and was made by the defendant railway corporation to the plaintiff as trustee to secure an issue of bonds.   This action was begun on January 9, 1909, judgment was entered on July 23, 1909; the sale thereunder, first appointed for September 17, 1909, was made on November 5, 1909; the referee to sell reported on November 10, 1909, and the report was confirmed on November 20 and November 27, 1909.   The village of Mamaroneck was not made a party to the action.   But it insists that it became a party pursuant to an order of the Special Term, made on November 22, 1909, and as a party it made the motion now under review.   It appears that the village had a claim against the defendant corporation for certain paving work, assessments, and for sprinkling the railroad tracks. On October 4, 1909, a written stipulation was made by the attorneys for the plaintiff, for the defendant corporation, and for the village of Mamaroneck respectively that provided that the village of Mamaroneck, by virtue of such stipulation, be deemed a party, and might cause an order to that effect to be made and entered as of course and without notice, without prejudice, however, to previous proceedings therein, and it was also stipulated that no pleadings or motions in reference to the complaint should be made by the said village.   The purpose of the stipulation was specifically stated, and was embodied in an order entered at Special Term on November 22, 1909, as follows:

"Upon the annexed stipulation, it is ordered: (1) That the village of Mamaroneck be, and it hereby is, made a party to this action, and is to be deemed such party from and after October 4, 1909, this order being made, however, without prejudice to any proceedings herein previous to said October 4, 1909. (2) That the validity and priority of any and all claims of the village of Mamaroneck against the defendant railway company shall be heard and determined by the referee (hereinbefore appointed by the judgment herein) in like manner, upon the same principles and with the same effect with respect to the proceeds of sale; that they would have been heard and determined in this action, if the said village had been an original party hereto and had asserted said claim by answer herein.   The fees of the referee and stenographer are to be paid out of the proceeds of sale."

The judgment of foreclosure and sale had provided, inter alia, that the purchaser or his successor or assigns might, within 90 days after the confirmation of the sale of the entire property or any part thereof, disavow, renounce, and relinquish any contract or lease, municipal consent, franchise, or agreement, with the defendant, or the rights

thereunder (other than those which were hereinbefore charged upon the property in the hands of the purchaser), which were a part of the property to be sold under and pursuant to the said judgment. Then was prescribed therein the form of such disavowal and a filing thereof before the referee, and upon such filing it was provided that the purchaser or his successor or assigns should be deemed not to have purchased the said contracts or leases, municipal consents, franchises or agreements or rights thereunder, or to be bound by the obligations thereof, "but in such event the party so disavowing shall, with such disavowal and as a part thereof, reassign, reconvey, and retransfer all his right, title, and interest in the same" to the receiver in this action. The said village, with the contention that it was a party to the action solely perforce of the said stipulation and the said order in furtherance thereof, moved to amend the judgment by striking out the provision which we first described, upon the ground that since 1898 there had existed and still exists certain rights, franchises, and contracts entered into for a valuable consideration between the defendant corporation and the village and town of Mamaroneck; that since the grant and acceptance of the franchise the defendant corporation regularly carried passengers from White Plains to Mamaroneck in either direction for five cents; that under the sale the said defendant road and its franchises were sold to Sutro, who purchased for the Westchester Street Railroad Company, a corporation organized for the express purpose of operating such railroad, and succeeding to the franchises of the defendant corporation; that Sutro subsequently attempted to assign all his rights to the said new corporation and that the said corporation had executed a notice of disavowal and renunciation of the franchise, and thereafter had demanded and had exacted fares in excess of five cents, and continues so to do.

I think that the learned Special Term rightly decided that the village was not a party to the action. The fact that it was described as a party cannot clothe it with that status. It came in, as it were, by consent, at the foot of the judgment, as one interested in the suit as a creditor would be interested, in that it asserted claims against the defendant. And it was permitted by the mortgagor and the mortgagee to assert and to establish, if it could, its claims before the referee as against the proceeds of the sale. The stipulation and the consequent order clearly indicate that the village neither sought nor was to be allowed to litigate any question to judgment, but that it was to be confined to proving a claim against the fruits of the judgment. But parties, in the larger legal sense, are all persons having a right to control the proceedings to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if an appeal lies. 1 Greenleaf on Evidence, cited in Green v. Bogue, 158 U. S. 478, 15 Sup. Ct. 975, 39 L. Ed. 1061. Brought in, then, as a matter of favor, for the sole purpose of proving a claim as a creditor, the village now as a litigant would amend the judgment as to a matter which had not been raised or litigated in the action by it or between the parties. A franchise is property. It may survive a corporation that received it and exercised it. People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684; Parker v. Elmira C. & N. R. R. Co.,

165 N. Y. 274–280, 59 N. E. 81. The village would amend the judgment so as to compel the purchaser or his assigns to buy what he did not wish to buy. So far as this action is concerned, the village, in its status perforce of the stipulation, has no concern save that the proceeds might suffice to satisfy its claims, and such concern is met by the provision of the judgment that reads:

"Provided, however, that such disavowal or disavowals shall not entitle the said purchaser or purchasers, their successor or successors or assigns, to any reduction in the amount of the bid, or in any amounts to be paid as in said judgment provided."

As to the subject-matter that was the basis of its motion, the village is as much unaffected by the judgment as if it was an absolute stranger to this action. Its grievance is that a condition whereby the defendant corporation worked its road is violated by the railroad corporation which is the successor of that defendant. But if that successor seek to work its road under the franchise in violation of the obligations thereof, or if it (or any other corporation) seek to work its road in violation of its charter or contrary to any right or franchise that it may possess, or contrary to law, or if it occupies or obstructs the public streets contrary to law, then there are remedies that suffice to bring it to book for such offending. Some of them (we do not say all, under the present condition of the law) are indicated in Moore v. Brooklyn City Railroad Co., 108 N. Y. 98–104, 15 N. E. 191, and People v. Albany & Vermont R. R. Co., 24 N. Y. 261, 268, 82 Am. Dec. 295.

The order is affirmed, with $10 costs and disbursements. All concur.