Robert H. Feldmeier, as a Stockholder of Sanitary Processing Equipment Corporation, Plaintiff, *v.* Eric Webster et al., Defendants.

Supreme Court, Special Term, Onondaga County, October 24, 1955.

*Harry L. Marcus* and *Herbert L. Maltinsky* for defendants.

*George Van Lengen* for plaintiff.

Sullivan, J. This is a motion by the defendants for an order to change the venue of this action from Onondaga County to Queens County. The suit is a stockholder's derivative action and it is brought pursuant to section 60 of the General Corporation Law. It is the contention of the defendants that the real plaintiff is Sanitary Processing Equipment Corporation and not Robert Feldmeier, a stockholder, and therefore, the action belongs to the corporation and not to the stockholders individually or collectively. (*Carruthers* v. *Waite Min. Co.,* 306 N. Y. 136, 140.) Hence, it is argued that the residence of the corporation, which is Queens County, determines the venue of the action.

However, the cited case holds that the stockholder is a plaintiff, although only a nominal one, and that an existing corporation is an indispensable party to the action. In the instant case, the

corporation is not prosecuting the action. It is a defendant. The stockholder is prosecuting it. He is the plaintiff. (Civ. Prac. Act, § 191.) As such, he is, of course, a party. " ' Parties in the larger legal sense are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies.' " (*Knickerbocker Trust Co.* v. *Tarrytown, White Plains & Mamaroneck Ry. Co.*, 139 App. Div. 305, 308.) The stockholder in a derivative action comes within this category.

Section 182 of the Civil Practice Act provides, in part: " An action in the supreme court * * * must be tried in the county in which one of the parties resided at the commencement thereof." The stockholder resides in Onondaga County. Since he is a party, nominal or otherwise, the venue of this action is laid in the proper county.

Aside from the foregoing, it may be well to consider the several statutes pertaining to actions against officers of a corporation for misconduct, which is the gravamen of the instant one. Section 60 of the General Corporation Law gives the right of action. In section 61 of the same law, it is designated " Who may bring such action " and a shareholder is described as one who may. In this section, the terms " party " and " plaintiff " are applied to him. A reading of section 61-b clearly manifests that a shareholder is a plaintiff. Therefore, since section 191 (*supra*) styles as the plaintiff the party who prosecutes the action and since section 182 (*supra*) provides that an action must be tried in the county where one of the parties resided, the venue of this action is properly laid in Onondaga County. What is more, sections 182-a, 182-b, 183, 184 and 184-a of the Civil Practice Act except specified actions from the provisions of section 182. The nature of the instant action is not among these exceptions. If the Legislature had intended that a stockholder's derivative action was to be excepted from the provisions of section 182, it undoubtedly would have so legislated.

This court is inclined toward the reasoning of the Supreme Court of Michigan as stated in *Eston* v. *Argus* (328 Mich. 554, 556–557, cited by plaintiff): " The gist of this suit is a breach of duty by the directors to the corporation. It is an alleged corporate right, based on negligence and mismanagement. * * * The subject matter is transitory. * * * [citations] That this is brought by a shareholder as a derivative suit does not alter its transitory nature and convert it to a local action. Any inconvenience to the corporation may be raised by motion

for a change of venue   *   *   *   Plaintiffs' interest as a shareholder is sufficient to enable him to maintain this suit.   *   *   * Plaintiff is a resident of Wayne County and that county is the proper venue.'' In the instant case, any inconvenience to the defendants may likewise be raised by motion for a change of venue. (Civ. Prac. Act, § 187.)

*Levey* v. *United States Life Ins. Co.* (259 App. Div. 909, cited by defendants), has no application to the instant case. In that case, the court held that a guardian ad litem of an infant is not a party within the meaning of section 182 of the Civil Practice Act, and therefore his residence did not control. Section 201 of the Civil Practice Act gives to the infant the right to maintain a cause of action. Section 202 of the act provides that an infant is the party and that he must appear by a guardian ad litem.

The motion is denied, with $10 costs to the plaintiff. Order accordingly.