Charles A. Loreto, J.
The defendants move for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for legal insufficiency and pursuant to section 241 of the Civil Practice Act, or for dismissal of specifications of alleged wrongdoing contained in paragraphs 9 through 12, and 14 through 21 for insufficiency, and for further relief pursuant to rule 103 and section 182 of the Civil Practice Act and rule 146 of the Rules of Civil Practice.
It is alleged in the first cause of action that the defendant Harold Gleitsman has held, since July 25, 1955, and now holds, 60.49% of the outstanding stock of the defendant corporation and he holds the remaining 39.51% as trustee of a trust for the benefit of the plaintiff and her children. Plaintiff and the two individual defendants are the sole members of the board of directors.
It is further alleged that in each of the years ending June 30, 1956,1957,1958 and 1959, the surplus increased and during that time no dividend was distributed. The profit, after Federal income tax, in those years increased from $77,000 to $210,000. The surplus as of July 25, 1955 was $357,000 and on June 30, 1959 was $788,000. It is further alleged that the surplus since July 25, 1955 has been far in excess of the corporate needs, current and reasonably anticipatable, and that the retention of the surplus has not been for legitimate and proper corporate purposes. Since July 25, 1955, the corporation has continuously had cash and current assets in excess of its legitimate and proper corporate needs and sufficient to allow the payment of dividends out of surplus.
Finally, it is alleged that the failure, in these circumstances, to exercise power in favor of distribution of dividends, consti *742 tutes a breach and abuse of trust and the exercise of discretion in bad faith, particularly since the plaintiff and her children are denied the income and benefits from trusts created especially for that purpose, and that the defendant Harold G-leitsman thereby avoids liability for the payment of Federal and State tax upon, dividends distributed.
Those allegations of the financial condition and surplus position of the corporation and of its needs, together with the fact that the individual parties are the sole directors, the defendant Gleitsman holding a majority of the stock in his own name and the balance as trustee for the benefit of the plaintiff and her children, properly invoking a claim of bad faith, are sufficient to state a cause of action (see Nauss v. Nauss Bros. Co., 195 App. Div. 318, 324, 325).
The second cause charges waste. The allegation contained in paragraph 15 of the complaint states that the defendants have authorized payment to themselves and have received large sums of money in the aggregate of at least $20,000 per year from the corporation, purportedly for purchases and expenses incurred on behalf of the corporation, but in fact expended by or on behalf of the individual defendants for their own personal use, is sufficient, if proved, to warrant relief. However, the remaining allegations in paragraphs numbered 16, 17, 18 and 19 of the second cause of action are conclusory, and the defendants should not be required to plead thereto. This cause will be permitted to stand, striking the conclusory allegations, unless plaintiff desires to plead anew a cause embracing with proper allegations the matters therein mentioned.
In the third cause of action the allegations of the second are repeated and the defendants are charged with conspiracy to accomplish the acts set forth in paragraph 20. The acts accomplished pursuant to the alleged conspiracy are set forth in paragraph 21 by allegations which are conclusory. Subdivisions a to d of paragraph 21 relate to matters subject of the first and second causes. As to the remaining subdivision e, no damage is set forth. This cause is insufficient as presently pleaded, and the motion to dismiss it should be granted with leave to replead if advised.
Finally, the defendants also move for a change of venue. Defendants urge in support of their application for change of venue that the residence of the corporate defendant must control and not the plaintiff’s residence, plaintiff having instituted this suit as a director. For the purpose of venue the residence of a stockholder in a derivative action is controlling (Feldmeier v. Webster, 208 Misc. 996, affd. 1 A D 2d 938). Defendants rely *743 on Tenney v. Rosenthal (6 N Y 2d 204). There the Court of Appeals determined that a director qualifies for continued maintenance of the action brought by him although thereafter he has been ousted from membership on the board, thus enlarging his qualification and distinguishing his position from that of a stockholder whose right to maintain the action is lost upon the sale of the stock of the corporation held by him. Consequently, it would appear that the right of the director to have his residence considered in relation to venue is stronger than the right of the stockholder.
The motion is granted to the extent herein indicated and in all other respects denied. Settle order.