■ The People of the State of New York, Respondent, v Michael John Adams, Appellant. — Appeal unanimously dismissed as moot. (Appeal from judgment of Jefferson County Court, Aylward, J. — conspiracy, second degree.) Present — Dillon, P. J., Hancock, Jr., Denman, Boomer and Moule, JJ.

■ In the Matter of C. Bradley Tashenberg, as a Director and Shareholder of Distributed Computer Planning Corporation, Respondent, v Judson Breslin, Individually and as a Stockholder in Distributed Computer Planning Corporation, Appellant. — Order unanimously affirmed, with costs. Memorandum: Special Term properly denied respondent's motion for a change of venue. If this were simply a special proceeding for a judicial dissolution, venue would lie in the judicial district in which the office of the corporation is located, that location being the one designated in the certificate of incorporation (Business Corporation Law, § 102, subd [a], par [10]; § 1112; Hoffman v Oxford Devs., 9 AD2d 937). Here, however, inasmuch as the petitioner essentially seeks various other types of relief on his own behalf as a stockholder, director and officer, his county of residence is proper for purposes of venue (CPLR 503, subd [a]; Feldmeier v Webster, 208 Misc 996, affd 1 AD2d 938; Blum v Gleitsman, 25 Misc 2d 740). Accordingly, since this matter involves a joinder of claims with conflicting venue provisions, Special Term exercised its discretion and designated petitioner's county of residence as the place of trial (CPLR 502). (Appeal from order of Supreme Court, Erie County, Sedita, J. — change of venue.) Present — Dillon, P. J., Hancock, Jr., Denman, Boomer and Moule, JJ.

■ Llwellyn Jones, Respondent, v Joseph Purchine, Appellant. — Order unanimously affirmed, with costs, for the reasons stated in the memorandum decision at Onondaga County Court, Cunningham, J. (Appeal from order of Onondaga County Court, Cunningham, J. — sales commission.) Present — Dillon, P. J., Hancock, Jr., Denman, Boomer and Moule, JJ.

■ Robert P. Dielman, Individually and as Parent and Natural Guardian of Michael Dielman, an Infant, Appellant, v Merrill Bull, Doing Business as "Arrowhead", Respondent. — Order unanimously modified and, as modified, affirmed, with costs to plaintiffs, in accordance with the following memorandum: We cannot say that under all the circumstances Special Term abused its discretion in vacating the default judgment against defendant (see 5 Weinstein-Korn-Miller, NY Civ Prac, pars 5015.02, 5015.03). We modify the award in our discretion, however, by increasing the sum to be paid by defendant to plaintiff's attorneys to $2,500 (see Cockfield v Apotheker, 81 AD2d 651). (Appeal from order of Supreme Court, Erie County, Mintz, J. — vacate default judgment.) Present — Dillon, P. J., Hancock, Jr., Denman, Boomer and Moule, JJ.