*205 OPINION OF THE COURT
Carol™ E. Demarest, J.
Plaintiff brought this action, as an officer of the defendant corporation, in Kings County where the plaintiff personally resides. Defendants moved to change the venue to Suffolk County, the location of the principal office of the defendant corporation and the county in which the corporation’s sole asset, a parcel of land, is located. At oral arguments on September 29, 2010, this court granted defendants’ motion and indicated that a written decision would be forthcoming. Upon review of the papers and relevant case law, the oral decision of September 29, 2010 is hereby vacated and the defendants’ motion is denied.
Background
Plaintiff, a resident of Kings County, is a 50% shareholder and vice-president of defendant corporation EO.A.N., Inc. (FOAN). FOAN’s only asset, a strip mall (property), is located in Suffolk County and the corporation earns profits from the rent it collects from the businesses that operate on the property. Defendant Anton Gaffary is a 50% shareholder of FOAN and is the president and manager of the business. Plaintiff alleges in the complaint that Gaffary excluded plaintiff from the management of FOAN and prevented plaintiff from taking part in the management of FOAN. Plaintiff alleged causes of action sounding in breach of fiduciary duty and corporate waste and sought the appointment of a temporary receiver for FOAN.
Defendants argue that plaintiff brought this action as an officer of FOAN, FOAN’s principal place of business is in Suffolk County, and the proper venue is therefore in Suffolk County pursuant to CPLR 503 (c). Further, defendants argue that the judgment demanded by the plaintiff “would affect the title to, or the possession, use or enjoyment of, real property” and therefore, pursuant to CPLR 507, the place of trial should be where the property is situated. Plaintiff argues that the relief requested is transitory in nature, does not affect title to, use or enjoyment of, the property, and solely involves the alleged mismanagement of FOAN. Plaintiff argues that as a resident of Kings County, plaintiff is entitled to pursue the action in Kings County.
Discussion
Pursuant to CPLR 503 (a), “the place of trial shall be in the county in which one of the parties resided when it was com *206 menced.” CPLR 503 (c) provides that a domestic corporation “shall be deemed a resident of the county in which its principal office is located.” As the plaintiff resides in Bangs County, and the principal office of FOAN is in Suffolk County, “there is a venue conflict” and this court must “make a discretionary determination to lay venue in a location appropriate ‘to at least one of the parties or claims’ ” pursuant to CPLR 502 (Bennett v Bennett, 49 AD3d 949, 950 [3d Dept 2008]).
Defendants claim that the proper venue is the location of the principal office of FOAN. As the plaintiff brought this director’s derivative action as an officer of FOAN, this argument is unavailing. Where the plaintiff does not seek judicial dissolution of the corporation, the residence of a corporation’s director, in a director’s derivative suit, is controlling for the purpose of determining venue (see Matter of Tashenberg v Breslin, 89 AD2d 812 [4th Dept 1982] [holding, “inasmuch as the petitioner essentially seeks various . . . relief (other than judicial dissolution) on his own behalf as a stockholder, director and officer, his county of residence is proper for purposes of venue”]; Blum v Gleitsman, 25 Misc 2d 740, 742-743 [Sup Ct, Spec Term, NY County I960]; see also Casavecchia v Mizrahi, 2010 NY Slip Op 32234[U], *6 [Sup Ct, Nassau County 2010]; Feldmeier v Webster, 208 Misc 996, 996-997 [Sup Ct, Onondaga County 1955]). Defendants’ assertion that the venue must be changed to the county where the property is located is also unavailing. The case law cited in support of this assertion is distinguishable from the present action as both Shapiro v Rockville Country Club, Inc. (22 AD3d 657 [2d Dept 2005]) and Weinstock v Cleary, Gottlieb, Steen & Hamilton (224 AD2d 611 [2d Dept 1996]) were both actions in which the plaintiffs brought claims against defendant corporations regarding the conveyance or leasing of real property. As the complaint in this action does not seek relief that “would affect the title to, or the possession, use or enjoyment of’ the property, CPLR 507 is inapplicable. Gaffary is the only shareholder involved in this action, other than the plaintiff, and the defendants have not demonstrated that a trial in Kings County would be inconvenient for any other witnesses. Accordingly, pursuant to CPLR 502, defendants’ motion to change venue is denied.
Conclusion
This court’s oral decision of September 29, 2010 is hereby vacated and the defendants’ motion to change venue is denied.