OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order entered February 23, 2012 and so much of the appeal from the order entered May 31, 2012 as was taken by nonparty Cecilia Gullas are dismissed; and it is further, ordered that the order entered May 31, 2012, insofar as reviewed, is affirmed, without costs.
Paul Gullas (plaintiff), the owner of shares of a residential cooperative unit, commenced this action in the Supreme Court, Queens County, against defendants AGBH Jackson Heights, LLC (an owner of unsold shares in the building), John B. Lovett & Associates (the manager of the building), and “Apt. 5J Cooperative Owners” (later identified as “Mr. Wu/Mrs. Wu”) to recover for damage to his cooperative unit, allegedly resulting from defendants’ negligence. The damages were sustained on December 12, 2009 when a leak from above caused damage to the wooden floor of the unit. The caption of the summons names Paul Gullas as the plaintiff and bears his signature. At some point, the name of Cecilia Gullas (plaintiffs mother) appeared in the caption as a party plaintiff and, during the course of this litigation, she was, at times, treated as a plaintiff by the parties and various judges who presided over the proceedings. Issue was joined by defendants, and a third-party action was subsequently commenced.
On February 5, 2010, Paul Gullas filed a request for judicial intervention. On March 17, 2010, a preliminary conference order set a discovery schedule providing for, among other things, depositions to commence on May 27, 2010, for “plaintiff’ to respond to all previously served discovery demands within 30 days, and for all disclosure to be completed by October 27, 2010, when a compliance conference was scheduled. Plaintiff did not appear at the October 27, 2010 compliance conference, but was served with the compliance conference order dated October 27, 2010 which, among other things, directed “plaintiffs” to comply fully with the preliminary conference order or the complaint would be dismissed with prejudice. The order further directed *64 “plaintiffs” to appear for depositions on November 30, 2010 and, if there was no appearance on that date, defendants could seek dismissal of the complaint. In addition, the order directed “plaintiffs” to supply various documents by November 16, 2010 or the complaint would be dismissed. By order dated October 28, 2010, the matter was transferred to the Civil Court, pursuant to CPLR 325 (d).
Thereafter, defendants separately moved to dismiss the complaint, pursuant to CPLR 3126, due to “plaintiffs’ ” wilful refusal to comply with defendants’ discovery demands and with the preliminary conference order and compliance conference order directing them to do so. Paul Gullas and Cecilia Gullas submitted a cross motion, and an “addendum” to the cross motion, requesting various relief, and accompanied by unsworn “affidavits” signed only by Cecilia Gullas, as well as an unsworn “reply in opposition to notice of motion to dismiss” and a motion seeking to add the co-op board as an additional defendant, both signed by “Cecilia Gullas, Power of Attorney for Paul Gullas.”
By order entered February 23, 2012, the Civil Court (Joseph E. Capella, J.) granted defendants’ separate motions to the extent of precluding “plaintiffs” from submitting at trial the documentation specified in the October 27, 2010 compliance conference order, and denied “plaintiffs’ ” additional motion and cross motion due to the nonappearance of plaintiff Paul Gullas, finding that Cecilia Gullas was not authorized to act on Paul Gullas’s behalf.
Subsequently, defendants separately moved for summary judgment dismissing the complaint based upon, among other things, the February 23, 2012 preclusion order. Paul Gullas and Cecilia Gullas “cross-moved” to “defeat” defendants’ motions, on the ground that there were triable issues of fact, but did not address their alleged failure to comply with discovery.
By order entered May 31, 2012, the Civil Court (Jodi Orlow, J.) granted defendants’ separate motions for summary judgment dismissing the complaint based upon the preclusion order, noting that plaintiff had still failed to demonstrate that the outstanding discovery had ever been served or that he had ever appeared for a deposition.
Although Paul Gullas and Cecilia Gullas appealed from both the February 23, 2012 order and the May 31, 2012 order, this court, on its own motion, by order dated July 31, 2013, dismissed so much of the appeal from the order entered February 23, 2012 *65 as was taken by plaintiff Paul Gullas, since that order was entered upon his failure to appear on the return date of the motion giving rise to the order and, therefore, he was not aggrieved thereby (see CPLR 5511) (2013 NY Slip Op 81411[U] [2013]).
To the extent that Cecilia Gullas purports to appeal from those orders, we note that Cecilia Gullas, who was not properly a party to this action, is not aggrieved by the orders (see CPLR 5511). The title of a summons must include the names of all the parties (see 3A Carmody-Wait 2d § 24:55 at 478; see also CPLR 2101 [c]) and, in this case, the summons listed only Paul Gullas as plaintiff. Although, at some point, Cecilia Gullas’s name was added to the caption in this action, there is nothing in the record to demonstrate that she was ever formally added as a party. The fact that Cecilia Güilas was described as a party by the other parties or by some of the judges that heard the various motions in this litigation does not clothe her with that status (see Knickerbocker Trust Co. v Tarrytown, White Plains & Mamaroneck Ry. Co., 139 App Div 305 [1910]). Accordingly, Cecilia Gullas’s appeal from the order entered February 23, 2012 and so much of the appeal from the May 31, 2012 order as was taken by Cecilia Gullas are dismissed (see CPLR 5511).
The May 31, 2012 order, insofar as reviewed, is affirmed, as defendants’ motions for summary judgment were properly granted since plaintiff did not demonstrate that he had complied with the discovery orders.
Weston, J.P., Aliotta and Solomon, JJ., concur.