Smith, Respondent, vs. Nippert and others, imp., Appellants.

*February 3 — February 25, 1890.*

*Conspiracy: Falsely suing out inquisition of lunacy.*

A complaint alleging that defendants, maliciously conspiring together with intent to destroy plaintiff's character and deprive her of her means of support and drive her from the community in which she lived, and also to destroy her testimony in a criminal prosecution against one of the defendants, maliciously and falsely sued out an inquisition of lunacy against her, whereby she has been greatly injured in her reputation and business as a dressmaker, and brought into public scandal and disgrace, to her damage $2,000,— states a good cause of action.

APPEAL from the Circuit Court for *Sauk* County.

The defendants appealed from an order overruling a general demurrer to the complaint. The substance of the complaint is stated in the opinion.

For the appellants there was a brief by *Grotophorst, Remington & Buckley*, and oral argument by *Arthur Remington*. They contended, *inter alia*, citing numerous authorities,

that the allegation of a conspiracy may be entirely disregarded in determining whether or not the complaint states a cause of action. The gist of the action is the wrong done, and not the conspiracy to do the wrong. The complaint does not state a cause of action for libel, as the communications were absolutely privileged. It cannot be upheld as stating a cause of action for malicious prosecution, as it fails to show (1) a want of reasonable or probable cause to believe the plaintiff insane at the time of instituting the proceedings, or (2) a termination thereof favorable to the plaintiff.

For the respondent there was a brief signed by *R. D. Evans*, of counsel, and the cause was argued orally by *Mr. Evans* and *T. J. Brooks*.

COLE, C. J. We think the complaint in this case states a cause of action. It is alleged, in substance, that the defendants maliciously conspiring together with intent to injure, defame, and destroy the character of the plaintiff, and to deprive her of her means of support, and to force her to leave the community where she lived, wilfully, maliciously, and falsely sued out an inquisition of lunacy against her, for the purpose of driving her from where she dwelt; and by maliciously causing it to be believed that she was insane, and not a proper person to be employed or introduced in the households where she had theretofore found employment, they did the wrongful acts complained of. These acts were naturally calculated to injure her in her business or occupation, which was that of a dressmaker or seamstress, and it is stated that they did injure her to the amount of $2,000. The complaint clearly alleges an illegal conspiracy, and an attempt to pervert the inquisition of lunacy to a most unlawful purpose to the actual damage of the plaintiff. But damage sustained is the *gravamen* of the complaint. Now the question is, Does not such an agreement between the defendants to wrongfully injure or

prejudice the plaintiff in the community where she obtained employment, by causing it to be believed that she was insane, whether they acted from malicious or vindictive feeling towards her, or maliciously intended to accomplish unlawful purposes by improper means, where damage results, constitute an actionable wrong?

It would seem to be a reproach upon the law, if the agreement to do these things, and the actual doing of them, could not be redressed at the suit of the aggrieved party. This is not an action for a mere conspiracy where nothing has been done to accomplish the unlawful purpose; but the facts show that the defendants have proceeded to acts which, it is alleged, greatly injured the plaintiff in her reputation and business, and brought her into public disgrace. Damage to the plaintiff for the wrong is the ground of the action. Under the former practice, a plaintiff could maintain a special action on the case against several for conspiring to do, and actually doing, such unlawful acts, to his damage. *Hutchins v. Hutchins*, 7 Hill, 107; *Kimball v. Harman*, 34 Md. 408; *Griffith v. Ogle*, 1 Bin. 172; *Huldeman v. Martin*, 10 Pa. St. 370; and the authorities cited in the opinions. In the last case, GIBSON, C. J., says: "Conspiracy to do an illegal thing is actionable if injury proceed from it; and where the illegal purpose has been executed it is false and malicious wherever the motive for the conspiracy to execute it was false and malicious."

One object of a conspiracy in this case is alleged to be to destroy the plaintiff's testimony in a criminal prosecution against one of the defendants, by instituting the inquisition of lunacy. The means employed to accomplish the object were most reprehensible, but this is not the sole ground of the complaint. Other acts are stated, from which damage was sustained as the direct consequence of such wrongful acts, for which the plaintiff seeks redress. It is obvious that such damage, in the sense of the law,

may arise out of the injuries to the character, business, and reputation of the plaintiff, for which she has a remedy. Indeed, injuries to the plaintiff's reputation and rights would seem to be the immediate and direct consequence of the acts complained of, and the allegation is positive that, by reason of the facts stated, she "has been greatly injured in her profession and business and brought into public scandal and disgrace," to her damage $2,000.

In view of these facts, we hold that the complaint states a good cause of action. It shows that the defendants entered into a conspiracy to do an illegal thing, and that injury resulted from its execution, and that the motive was false and malicious. The means employed were most dishonorable, viz., the institution of the inquisition of lunacy for private ends, and to destroy testimony of a witness of a high crime. We therefore think the order of the circuit court, overruling the demurrer to the complaint, was correct and must be affirmed.

*By the Court.*— Order affirmed.