## No. 12,168.

### DIXON v. BOWEN, ET AL.

Decided January 28, 1929.

Mr. WILLIAM C. ROBINSON, for plaintiff in error.

Messrs. CUNNINGHAM & FOARD, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE object of this action by the plaintiff Dixon against the defendants Bowen, a grocer, Mrs. Newton, a debt collector, and Lister, a constable, is to recover damages inflicted upon the plaintiff as the result of a conspiracy formed and carried out by them, whereby, in an action unlawfully brought by Mrs. Newton as plaintiff against plaintiff Dixon, the defendant in that action, the three defendants here fraudulently and with intent "to cheat and defraud the plaintiff," procured a judgment against him, Dixon, and in favor of the defendant here, Newton, on an alleged debt of $34.50 which the plaintiff Dixon did not owe her, and executed the same by wrongful seizure and sale of his automobile, the proceeds of which were applied to, and satisfied, the judgment recovered.

The sole question on this general demurrer is whether the complaint states a cause of action against the defendants. It alleges in apt words that the three defendants formed and carried out a conspiracy to defraud, cheat and wrong the plaintiff by wrongfully procuring a judgment against him in favor of one of the defendant conspirators, Mrs. Newton, upon an alleged debt which the plaintiff did not owe her, and in executing the judgment by seizure and sale of his automobile.

In *Schreiber v. Burton,* 81 Colo. 370, 256 Pac. 1, an action for damages for conspiracy, is a discussion as to

the sufficiency of the complaint in this kind of an action. The complaint now before us is not substantially different from the complaint in that case and the decision therein clearly makes the complaint in the pending action good as against a general demurrer. It may, in a measure, contain averments proper in an action for abuse of process, and also in an action for conspiracy to cheat and defraud. However that may be, it is not subject to a general demurrer. We think much of the argument of counsel for defendants in error on this review misconceives the purpose and object of the action, or, at least, mis-states the same. There is no attempt here to set aside the judgment of the justice of the peace. That judgment as matter of fact, according to the record, has been fully satisfied and the judgment has been paid by the sale of the plaintiff's automobile. It no longer exists as a judgment because it has been satisfied. The action here is to recover damages for alleged unlawful acts committed by the defendants in fraudulently procuring and executing this judgment. The action is not, we repeat, one to set aside a judgment by direct attack, nor is it an equitable action to set aside a judgment for frauds committed. To the contrary, the action proceeds upon the ground that the former judgment has been in law paid and satisfied and the plaintiff seeks in the pending action to recover damages for the fraud of the defendants in procuring it.

In 12 C. J., p. 588, section 110 (3), the author says: "Where parties, in pursuance of a conspiracy or combination for that purpose, fraudulently make use of legal proceedings to injure another, an action lies against them, at the suit of the person injured, to recover damages sustained. And the fact that a combination for fraud has been brought to a successful end by false testimony produced on the trial does not make an action for conspiracy obnoxious to the rule that there can be no civil action for perjury or subornation of perjury."

In *Verplanck v. Van Buren,* 76 N. Y. 247, the court speaking by Mr. Justice Folger, one of the great New York judges, in a valuable opinion discusses the precise question involved here. The case had previously been before that court and the opinion contains a valuable discussion of the question now before us. Among other things the court said, page 258: "This is not an action to set aside the judgment, limited in the amount of it by the defendant's fraud. That must be done by an equitable suit, for the purpose of setting it aside; * * * but this action does not seek to vacate or open or set aside the former judgment. It recognizes that judgment as having been paid to a privy in estate of the plaintiff in this action, and seeks to recover further moneys, as damages for the injury done by the fraud on the former trial and preceding it. * * * But as before said, he has sued, in analogy with an action on the case under the former practice, for the damages resulting to him, * * * by the combination, fraud and deceit of the defendants."

The learned judge further says, page 260: "Nor does the fact that the combination and fraud was brought to a successful end, by the false testimony produced upon the trial, make the case obnoxious to the rule that there can be no civil action for perjury or subornation of perjury. The false testimony is not the sole moving factor in the cause of action. The fraudulent purpose or intent, formed before the accounting and trial, the fraudulent concoction of the unreal contracts with Kendall, and the false entries in the books of account, are the chief bases of the cause of action."

The opinion in the Verplanck case, page 260, states the rule applicable here that such an action as is now before us "lies where the combination is for the purpose of fraudulently making use of legal proceedings; and where the damage is effected by such use." *Smith v. Nippert,* 76 Wis. 86, 44 N. W. 846, 21 Am. St. Rep. 26.

We are not upon this review concerned with the question whether upon a trial the evidence will sustain the

allegations of this complaint. We merely hold that the complaint states a cause of action for damages for fraudulently making use of legal proceedings. The judgment is therefore reversed, and the cause remanded for further proceedings which are not to be inconsistent with the views expressed in the opinion.

MR. JUSTICE BUTLER and MR. JUSTICE BURKE dissent.