(March 2, 1972)

■ HARRY TUVIM et al., Individually and on Behalf of All Tenants in the Building, Known as 150 West 79th Street in the County and City of New York, and All Other Prospective Purchasers under the Said Premises Similarly Situated, Appellants-Respondents, v. 10 E. 30 CORP. et al., Respondents-Appellants, and LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent, et al., Defendants.

*Per Curiam.* This litigation concerns the plan to co-operate the multiple dwelling at 150 West 79th Street, New York City, containing 72 rent-controlled apartments. Plaintiffs seek judgment declaring that the co-operative

plan referred to in the complaint is null and void and that the tenants are not subject to eviction and shall continue to enjoy their rights as statutory tenants and for damages.

In the first cause of action the plaintiffs charge fraud in general, conclusory terms. It is alleged that defendants promoted a " co-operative scheme" for the purpose of evading the Rent Control Regulations; that the tenants defendants who composed the Negotiations Committee acted in conspiracy and collusion with the landlord; that the co-operative plan offered the property initially at an unconscionable high price with intent to later reduce it and that purchasers were misled into believing that the price was negotiated at arm's length. The last-mentioned allegation is transparently without merit in view of the notice to tenants in bold face on the cover page of the offering statement stating that " The total purchase price of the property described herein is set arbitrarily by the sponsor". The other allegations are conclusory and without support or probative value in the various affidavits submitted in support of plaintiffs' motion.

In the fifth cause of action plaintiffs seek compensatory and punitive damages by reason of a conspiracy to defraud. It is claimed that the landlord falsely stated that a bank had invested $500,000 by way of a mortgage on the premises, whereas the true figure was $360,000. The record clearly establishes that the mortgage was originally in a sum in excess of $500,000 reduced by payments to $360,000. Plaintiffs further allege harassment and threats of tenants and misrepresentation and misstatements concerning the plan. This cause cannot be sustained since there is no allegation that any plaintiff relied on the alleged misrepresentation, harassment or threats. And, indeed, plaintiffs are in no position to so allege, for none of them accepted the plan and thus could not have relied on any of the afore-mentioned acts constituting the alleged conspiracy.

Furthermore, the causes alleged may not be maintained in class form. Obviously, the complaints of the plaintiffs are not shown to have been common to others affected. (See *Adler* v. *Bonner Realty & Constr. Corp.*, 62 Misc 2d 710, affd. 34 A D 2d 1103.)

Defendant Washington Park Urban Renewal Corp. counterclaims against the plaintiffs for malicious interference with the contractual rights between it and the tenants who purchased. It is alleged that plaintiffs misused legal process to delay the effectiveness of the co-operative plan. The bringing of this action does not work special damage or injury sufficient to sustain the malicious interference alleged. Many of the tenants did in fact purchase the offered apartments. Moreover, a person may assert his rights in court without incurring liability for damages for so doing. (See *Sachs* v. *Weinstein*, 208 App. Div. 360; *Reade* v. *Halpin*, 193 App. Div. 566.)

The order should be modified, on the law, so as to dismiss the first and fifth causes of action of the complaint and to dismiss the defendants' counterclaim, all as legally insufficient and, as thus modified, the order should in all other respects be affirmed, without costs and without disbursements to any party.

McGivern, J. P., Markewich, Nunez and McNally, JJ., concur.

Order, Supreme Court, New York County, entered on or about March 24, 1971, so far as appealed from, unanimously modified, on the law, so as to dismiss the first and fifth causes of action of the complaint and to dismiss the defendants' counterclaim, all as legally insufficient, and, as thus modified, the order in all other respects is affirmed, without costs and without disbursements.