OPINION OF THE COURT
Leo Brown, J.
This is a motion by plaintiff to dismiss defenses of Statute of Limitations and res judicata or collateral estoppel.
By the present action plaintiff seeks damages allegedly caused by the conduct of the defendants in defending a prior action brought by the plaintiff. The prior action sought to recover for injuries resulting from an assault committed in the La Guardia Motel. This action was commenced by the service of a summons in April, 1966, naming an individual and "La Guardia Motel” as the defendants. On April 18, 1966 a notice of appearance and demand for the complaint was served on behalf of the motel. Some time after service of the complaint an answer was served by new attorneys in which the name of the defendant was stated to be La Guardia Hotel Sire Plan, Inc. The action persisted in that form and it appears that no disclosure was had. In June, 1970 a default judgment was taken against the motel. Thereafter, the plaintiff learned that the corporate entity which appeared in 1966 was bankrupt, and that it had been bankrupt at the time of its appearance. Prior thereto the motel had been sold by the referee in bankruptcy to Flight Motel, Inc., and it further appears that the transfer of title had taken place shortly prior to the alleged assault.
It is plaintiffs contention that the principals of the bankrupt corporation and the new owner of the motel are the *672 same. Plaintiff now asserts that the present defendants, attorneys principals and corporations were part of a conspiracy to defeat his cause of action by allowing a judgment to be taken against the bankrupt and permitting the Statute of Limitations to run against the proper parties defendant.
Prior to the submission of this motion to the court, the attorneys for the parties entered into a stipulation on the record by which it was agreed that plaintiff’s present cause of action did not sound in fraud but rather in "prima facie tort”. It was also agreed that the plaintiff in proving his case might prove some elements of fraud but would not attempt to establish a case of actual fraud.
Before considering the defense of Statute of Limitations it would be useful to review the elements of plaintiff’s cause of action. Prima facie tort derives from the common-law action on the case which permitted recovery from intentional harm inflicted by acts which might otherwise be lawful. (See Knapp Engraving Co. v Keystone Photo Engraving Corp., 1 AD2d 170, 172.) The present cause of action of prima facie tort consists of the intentional infliction of temporal damages on the plaintiff without lawful justification on the part of the defendants. (Advance Music Corp. v American Tobacco Co., 296 NY 79, 84; Opera On Tour v Weber, 285 NY 348, 355.)
 The question remains as to whether a cause of action in prima facie tort may be pleaded for the interposition of a defense in an action brought in the courts of this State. Generally, a party may not be held in damages for asserting his rights in court. (Tuvim v 10 E. 30 Corp., 38 AD2d 895, 896, affd 32 NY2d 541.) Likwise, one who commits perjury may not be cast in damages to the party who lost the action by reason of that false testimony, (Anchor Wire Corp. v Borst, 277 App Div 728.) In that latter instance, however, if the perjury is merely part of a plan to defraud a party, a cause of action in actual fraud may properly be pleaded. (Anchor Wire Corp. v Borst, supra.) In the instant case plaintiff concedes that his cause of action does not sound in fraud.
Thus, a cause of action in prima facie tort will not lie for the mere assertion of a party’s rights before a court of law, but the action may be brought where the prior litigation was instituted solely with the intent of harming the other party without either excuse or justification. (See Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 405-406; Coopers & Lybrand v Levitt, 52 Ad2d 493, 498.) Thus, it *673 would appear that plaintiff may have stated a valid cause of action in prima facie tort.
 The issue before the court on this motion is the applicable Statute of Limitations. It is the defendants’ contention that the cause of action is governed by the one-year statute applying to intentional torts. (CPLR 215.) Plaintiff contends that no specific statute governs prima facie tort and that under the circumstances the general six-year statute must apply. (CPLR 213, subd 1.) Under the provision of CPLR 214 (subd 5) all actions to recover damages for personal injury are governed by a three-year Statute of Limitations other than those specifically denominated in CPLR 215. It should be noted that the provisions of CPLR 214 are not restricted to personal injuries resulting from negligence but would also include intentional torts. (See 1 Weinstein-Korn-Miller, NY Civ Prac, pars 214.10, 214.11, 214.12.) Unquestionably, the present cause of action is one sounding in personal injury. (General Construction Law, § 37-a.) Under the circumstances, the six-year Statute of Limitations set forth in CPLR 213 does not apply. Likewise, the one-year statute set forth in CPLR 215 is inapplicable. That section includes specifically denominated intentional torts and contains no general provision governing other intentional torts. In its long history, prima facie tort has been consistently distinguished from those torts denominated in CPLR 215. (See Ruza v Ruza, 286 App Div 767.)
The court is aware of the leading case of Al Raschid v News Syndicate Co. (265 NY 1), where the tort of intentional falsehood was analogized to defamation. In the similar case of Morrison v National Broadcasting Co. (19 NY2d 453) the court applied the shorter Statute of Limitations governing defamation. The decision there was based on the long-standing rule that in applying the Statute of Limitations, the court will look to the reality and essence of the action and not to its name. (Morrison v National Broadcasting Co., 19 NY2d 453, 459, supra.) Thus, a cause of action predicated on the intentional injury to reputation would be governed by the same limitations as defamation which is also predicated on the injury to reputation. The rule in A1 Raschid and Morrison (supra) applying the law of similar causes of action is not applicable to the instant case. Plaintiff’s cause of action is in no respect the same as any of the causes of action specifically denominated in CPLR 215.
*674 For Statute of Limitations purposes the applicable period in tort causes of action begins to run when liability for the wrong arises, except in cases of fraud where the statute expressly provides otherwise. (Schmidt v Merchants Despatch Transp. Co., 270 NY 287, 300.) Thus, plaintiffs cause of action arose at the time an answer was interposed on behalf of the bankrupt corporation and is barred by the Statute of Limitations. The motion to dismiss the defense of Statute of Limitations is denied. Under the circumstances, the complaint is dismissed.
 While unnecessary to this decision, the court will consider the defense of collateral estoppel. Essentially, collateral estoppel or res judicata will only be applied where an identical issue has been necessarily decided in a prior action. (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71.) The basis of the defense here is a decision of Mr. Justice Crisona dated December 14, 1970. By that decision, plaintiffs motion for leave to amend the title of the action to substitute the name of Flight Motel, Inc., was denied. That denial was clearly predicated on plaintiffs failure to establish that the named corporate entity and Flight Motel, Inc., were so closely identical as to warrant the conclusion that the original name was a mere misnomer. That in no way is the issue now before the court. Plaintiff clearly alleges that there were two corporate entities and that by reason of the conduct of defendants he was allowed to take judgment against a bankrupt entity which did not own the motel at the time of the alleged assault. Clearly, nothing in the prior action is determinative of the issues presently before the court.