695 P.2d 413

David Lee **RIGGS**, Plaintiff-Appellant,

v.

**John V. COLIS and Jane Doe Colis, husband and wife, Defendants-Respondents.**

No. 14666.

Court of Appeals of Idaho.

Jan. 11, 1985.

WALTERS, Chief Judge.

David Riggs appeals from a summary judgment in favor of John Colis. He contends the court erred in finding that there was no factual basis to sustain a civil cause of action against Colis for "aiding and abetting an assault and battery" upon Riggs by preventing another person from rendering assistance to Riggs during the assault. We agree. We vacate the summary judgment and remand for further proceedings.

David Riggs was assaulted with a knife by Wayne Martinelli while in a tavern in Coeur d'Alene, Idaho. It is undisputed that Martinelli shoved Riggs to the floor and while Riggs was on his hands and knees, grabbed Riggs by his hair and slashed Riggs across the throat, arms and face. Danny Knapp saw his friend, David Riggs, on the floor with Martinelli grabbing his hair and holding the knife. At that point, Knapp started to move towards Riggs, but he stopped when he saw a second knife pointed at him. He turned to see who had that knife. It was held by Colis. When Knapp saw the knife in Colis' hand, he also heard Colis say to him, "Don't move." Knapp asserts that Colis' actions prevented him from coming to the aid of Riggs. Colis admits he drew his knife and does not refute Knapp's declaration concerning the words said. Colis contends he drew the knife "for the sole purpose of self defense."

Riggs alleged a cause of action against Colis based upon the theory that one who prevents a rescue attempt of another is liable for all damages sustained by the victim which could have been avoided or lessened by the rescue attempt. The district court granted summary judgment to Colis, finding that (1) there was no direct assault by Colis on Riggs, (2) Colis did not encourage, invite, aid or abet in the assault, (3) there were no facts which indicated Colis was or should have been aware of Knapp's asserted attempt to rescue Riggs, and (4) there were no opposing facts to Colis' assertion that he drew his knife for self-defense and to avoid a general barroom brawl. On appeal, Riggs contends

Kenneth B. Howard, Jr., Coeur d'Alene, for plaintiff-appellant.

Jonathan Paul Carter of Quane, Smith, Howard & Hull, Boise, for defendants-respondents.

there is a genuine issue of material fact concerning Colis' intentions in drawing his knife.

■ Summary judgment is properly granted, under I.R.C.P. 56(c), when the pleadings, affidavits, depositions and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. A motion for summary judgment is granted when, on the basis of evidence before the court, a directed verdict would be warranted or when reasonable men could not disagree as to the facts. *Petricevich v. Salmon River Canal Company*, 92 Idaho 865, 452 P.2d 362 (1969). In considering such evidence, it is well recognized that the facts are to be liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might be reasonably drawn from the evidence. *Huyck v. Hecla Mining Company*, 101 Idaho 299, 612 P.2d 142 (1980). Further, the Idaho Supreme Court has held that even though there are no genuine issues of material facts between the parties a motion for summary judgment must be denied, when the case is to be tried to a jury, if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions. *Riverside Development Company v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982). In this case, Colis made a demand for a jury trial.

Riggs' cause of action against Colis is based upon the theory set forth in the RESTATEMENT (SECOND) OF TORTS §§ 326 and 327 (hereinafter cited as Second Restatement). Section 326 provides:

One who intentionally prevents a third person from giving to another aid necessary to prevent physical harm to him, is subject to liability for physical harm caused to the other by the absence of the aid which he has prevented the third person from giving.

Section 327 concerns the negligent prevention of assistance. The court found Colis' assertion—that he drew his knife in self-defense and not to prevent a rescue—was

uncontradicted. In our view, reasonable minds could differ in determining Colis' intent in drawing the knife on Knapp.

While Colis claims he drew the knife in self-defense, there are additional facts and inferences which could be viewed as conflicting with this statement. These facts are that (1) Colis was never threatened by word or actions prior to his pulling the knife on Knapp; (2) Knapp did not move towards Colis in his rescue attempt, but had to turn to see who was holding a knife on him; (3) there was no brawl—only two individuals fighting; (4) Knapp did not brandish any weapon when he moved toward Riggs; and (5) Riggs was at that time on his hands and knees, apparently overcome by Martinelli and his knife, thereby constituting no threat to Colis.

■ It has been held that circumstantial evidence might be sufficient to refute direct evidence and raise a genuine issue of material fact. *Petricevich v. Salmon River Canal Co., supra.* Considering these facts, reasonable minds could differ concerning the state of mind of Colis. The trial court accepted that Colis was acting in self-defense. However, an equally plausible conclusion could be that Colis was restraining Knapp from giving aid to Riggs. Because there is more than one inference that could be drawn, and because a jury trial was requested, summary judgment was inappropriate under *Ritchie*.

■ Whether Riggs has stated a valid cause of action under the Second Restatement § 326 or § 327 is dependent on the facts and the inferences to be drawn from the facts in each case. A claim based on § 326 or § 327 must have the necessary fact situation of three parties—the victim, a rescuer, and one who prevents or interferes with the rescuer—and the aid must have been actually prevented. *See Maldonado v. Southern Pacific Transportation Co.*, 129 Ariz. 165, 629 P.2d 1001 (App. 1981); *Miller v. Arnal Corp.*, 129 Ariz. 484, 632 P.2d 987 (1981). We hold that Colis' intent in drawing his knife is a genuine, material issue on which reasonable

minds could differ, bearing on whether these required elements have been met in this case. Accordingly, we vacate the summary judgment and remand this case for further proceedings.

No attorney fees on appeal; costs to appellant Riggs.

BURNETT and SWANSTROM, JJ., concur.