741 P.2d 360

**Bardell J. ANDERTON and Mae M. Anderton, husband and wife, Plaintiffs-Appellants-Cross-Respondents,**

v.

**William L. HERRINGTON, John Postlewaite, Charles Moss, Defendants-Respondents-Cross-Appellants,**

and

**Charles Thompson, James E. Harward, Valley Realty & American Land Title Co., Defendants-Respondents,**

and

**Rowland E. Hull, Kelly Mann, Old American Appraisal Service, Brent Morgan & other defendants as yet unknown 1—50, Defendants.**

No. 16438.

Court of Appeals of Idaho.

July 15, 1987.

Rehearing Denied Sept. 11, 1987.

Bardell Anderton, pro se.

Jesse C. Robison, Pocatello, for respondents Herrington, Moss and Postlewaite.

W. Joe Anderson, Idaho Falls, for respondents Thompson and Valley Realty.

Richard K. Lierz, Boise, for respondent Harward.

L. Lamont Jones, Jones & Christensen, Pocatello, for respondent American Land Title Co.

WALTERS, Chief Judge.

In 1981 the City of Pocatello condemned, for a parkway, land owned by the appellants Anderton. The Andertons subsequently filed an action against most of the parties involved in the condemnation proceeding. The Andertons' claims included allegations ranging from perjured testimony by witnesses during the condemnation proceeding to claims of malpractice by their former attorney. The district court granted summary judgment to all the defendants. The Andertons appeal, asserting numerous arguments challenging the district court's judgment. We affirm the judgment on all issues except the question of the Andertons' attorney's fees resulting from the condemnation action. That issue is remanded for additional proceedings.

The record reveals the following facts. When the City of Pocatello condemned the Andertons' property for a park, the Andertons rejected the compensation offered by the City, and a trial was held to determine the value of the land. The district court awarded the Andertons an amount higher than that offered by the City, but still below what the Andertons considered a fair price. The Andertons appealed. Our Supreme Court affirmed the decision condemning the land, but remanded to the district court for a determination as to attorney fees. *See City of Pocatello v. Anderton*, 106 Idaho 370, 679 P.2d 647 (1984). Subsequently, the Andertons, acting *pro se*, filed this action against most of the parties involved in the condemnation proceeding, including the appraisers, the city officials, and the attorney who had represented the Andertons during the condemnation proceedings. The Andertons alleged there was perjured testimony at the condemnation trial, that there was a conspiracy among all the defendants to take the Andertons' land, and that their attorney committed malpractice. The district court dismissed the claims against some of the defendants outright. Other defendants moved for summary judgment. The district court denied the Andertons' motion to set aside the dismissals and granted summary judgment to the remaining defendants. (For the purposes of this review, we will consider all defendants as having been granted summary judgment.) The Andertons contend on appeal that the district court erred in granting summary judgment to the defendants. We affirm the district court on all issues except as to the single question concerning the Andertons' attorney's fees for the condemnation proceedings. We will discuss the claims against each of the defendants in turn.

I

*Defendants Hull, Morgan, Mann, and Old American Appraisal Service.*

The Andertons alleged that these defendants were involved in presenting perjured testimony or false evidence during the condemnation proceedings. The district court dismissed these parties as defendants on the basis that no civil cause of action lies for perjury or falsification of evidence. *See generally,* 70 C.J.S. *Perjury* § 4 (1987); 60 AM.JUR.2d *Perjury* § 75 (1972); Annotation, *False Testimony—Civil Conspiracy,* 31 A.L.R.3d 1423 (1970); Annotation, *Testimony of Witness as Basis of Civil Action for Damages,* 12 A.L.R. 1247, 1264–70 (1921), supp. 54 A.L.R.2d 1298, 1317 § 7 (1957).

The reasons which the courts have expressed for applying the general rule are that: (1) All testimony, even perjured testimony, is covered by a privilege so that the witness may be protected from the fear of any subsequent civil action being brought on account of his testimony; (2) A judgment cannot be collaterally attacked and a separate action against a witness for his perjury would constitute a collateral attack; (3) If witnesses could be civilly sued for their perjury, there would be no end to litigation; (4) Perjury and conspiracy to commit perjury are public offenses and do not give rise to civil liability.

Our research fails to disclose any reported decision in Idaho addressing the question of whether there can be a civil action based on perjury or falsification of evidence or based upon a conspiracy to falsify evidence. Although the district court's decision in this case correctly stated the general rule, we note there are cases from other jurisdictions which have allowed causes of action based in part on perjury, false evidence or conspiracy to present false evidence. *See, e.g., Serrano v. Flight Motel, Inc.,* 95 Misc.2d 669, 408 N.Y.S.2d 198 (N.Y.Sup.Ct.1978) (where the alleged perjury was merely a part of a plan to defraud a party, a cause of action in actual fraud might properly be pleaded). In addition, where the alleged perjury was a means to or a step in the accomplishment of some larger, actionable conspiracy, some courts have allowed an exception to the general rule. *See Frist v. Gallant,* 240 F.Supp. 827 (W.D.S.C.1965); *Dixon v. Bowen,* 85 Colo. 194, 274 P. 824 (1929); *Verplanck v. Van Buren,* 76 N.Y. 247 (1879); *Felts v. Paradise,* 178 Tenn. 421, 158 S.W.2d 727 (1942); Annotation, *False Testimony—Civil Conspiracy,* 31 A.L.R.3d 1423, 1438 § 5.

In the case at bar the Andertons have made some generally vague assertions that certain defendants herein conspired to falsely testify in court and did in fact commit perjury. The record does not contain affidavits or allegations of any specific overt acts or misdeeds by defendants wherein perjury was a part of a larger conspiracy or effort to commit an actual fraud upon the appellants. Under these circumstances we hold the district court did not err by applying the general rule precluding the Andertons from claiming damages for perjury or falsification of evidence.

## II

### *Defendants Herrington, Postlewaite and Moss.*

These three defendants were employees of the City of Pocatello. The district court granted summary judgment and dismissed the claims against these defendants based on the failure of the Andertons' complaint to state a cause of action and upon grounds of *res judicata.* The district court noted that the Andertons, by suing these parties, were simply attempting to relitigate the earlier condemnation proceeding—the results of which dissatisfied the Andertons. The Andertons moved to set aside the dismissal, but the district court denied the motion.

■ On considering the motion to set aside, the district court noted that its previous reasons for dismissing the claims against these defendants were still valid. The district court also ruled that dismissal of the claims was justified based on the Andertons' failure to file a claim with the City as required under the Idaho Tort Claims Act, I.C. § 6–906. Although the Andertons have urged on appeal that their suit was brought against the city employees as individuals, it is obvious from the record that the claims against these defendants were based on their official actions as employees of the City. The allegations against these defendants stem solely from the condemnation proceeding against the Andertons. The Andertons admit they did not file a tort claim with the City. Since the Andertons did not file such a claim, they are barred from pursuing a cause of action against these defendants. I.C. § 6–908; *Overman v. Klein,* 103 Idaho 795, 654 P.2d 888 (1982).

■ Another aspect of the Andertons' arguments concerning the city employees involves the alleged failure of the employees to take an oath of office. The district court did not specifically address this issue. Presumably, the district court viewed the issue as being encompassed by its ruling which dismissed the claims against the defendants. It is clear to this Court that the Andertons, by raising such an issue, are again attempting to relitigate the condemnation proceeding. This is confirmed by the Andertons' assertion that the employees' failure to take an oath rendered the condemnation suit a "sham" and an "unlawful act." Whether the employees took an oath, or whether they were required to, is irrelevant to the instant litigation. Such

an assertion was a matter for the condemnation suit, not the present case. Thus, these claims of the Andertons are barred by *res judicata.*

### III

### Defendant American Land Title Company.

American Land Title Company was joined in this action apparently because it was the employer of the defendant Mann. The district court noted that there was no cause of action against Mann, and therefore, no cause of action against American as Mann's employer. We have previously upheld the dismissal of claims against Mann. From the record, there appears to be no basis for any claim against American other than the claims against Mann. Therefore, the district court did not err in dismissing the claim against American.

### IV

### Defendant Harward.

The Andertons assert two claims against their attorney Harward—first, that Harward failed to protect the Andertons' interest in their property. The Andertons allege that the property was appraised based on being "landlocked," while in fact it did have access under an easement. The Andertons contend that, after the final ruling in the condemnation case, they provided public documents to Harward showing the easement, but he failed to do anything to have the judgment set aside. The Andertons' second claim against Harward is that he contracted to represent them for a total fee of $3000, which they allegedly paid to him. However, the Andertons contend that after the condemnation case was remanded by the Supreme Court for an award of attorney fees, Harward received compensation as a result of that remand. Thus, Harward allegedly recovered twice for his representation of the Andertons.

The district court concluded that Andertons' claims against Harward were based on negligence and, thus, constituted a claim for malpractice. The district court ruled the claims against Harward were barred because they had not been brought within two years as required by the statute of limitation for malpractice. I.C. § 5–219(4); *Twin Falls Clinic and Hosp. Bldg. Corp. v. Hamill,* 103 Idaho 19, 644 P.2d 341 (1982).

The Andertons' complaint against Harward was filed December 11, 1984. The condemnation trial took place December 11, 1981. The district court entered final judgment on February 1, 1982. Under I.R.C.P. 60(b), a motion to set aside a judgment based on newly discovered evidence may be made within six months after judgment was entered.[1] However, Mr. Anderton states that he discovered the publicly recorded easement more that six months after the trial. Assuming all the allegations of the Andertons are true, from the facts they have asserted, the latest any damage could have conceivably occurred was August 1, 1982, the last date Harward could have moved to set aside the judgment. The claims against Harward for malpractice were brought more than two years after that date and, thus, were clearly barred by the statute of limitation.

However, we disagree with the district court that the Andertons' claim based on Harward's alleged double recovery of attorney fees was a claim based solely on malpractice. As noted by the district court, a malpractice claim is essentially one based on negligence. Here, however, Harward allegedly contracted to represent the Andertons for a total fee of $3000. The Andertons contend that they paid Harward this amount, yet he also allegedly received additional fees based on the Supreme Court's remand of the condemnation pro-

---

1. The Andertons contend that the one-year period for setting aside a judgment based on fraud on the court is applicable here. I.R.C.P. 60(b). That argument is based on the Andertons' belief that witnesses perjured themselves with regard to access to the Andertons' property. Perjury or misrepresentation by a party or witness does not constitute the "fraud upon the court" contemplated by I.R.C.P. 60. *Compton v. Compton,* 101 Idaho 328, 612 P.2d 1175 (1980). Therefore, this argument is meritless.

ceeding. This is simply a matter of contract, not negligence.

The statute of limitation for an oral contract is four years, as opposed to a two-year period for malpractice. I.C. § 5–217. Although the record does not reflect when, or if, Harward collected additional fees, such an act would have occurred after the Supreme Court remanded the condemnation proceeding in 1984. Thus the Andertons' claim would not be barred by the statute of limitation applicable to oral contracts. We note that Harward does not deny receiving any additional fees resulting from the remand. Because this issue comes to us based on a grant of summary judgment, all inferences must be construed in favor of the nonmoving party. I.R.C.P. 56(c). We conclude that there is a genuine issue of material fact as to the correct amount of fees which were due Harward. Therefore, we affirm the district court order as to any claim for malpractice being barred by the statute of limitation for malpractice, but we reverse as to the claim for attorney fees received by Harward, which may be pursued as a contract action.

## V

### Other issues.

■ The Andertons raise other questions about the district court's decision in their case. One allegation is that the district court "rushed" the case, thereby denying the Andertons their day in court. This argument apparently is based on the Andertons' view that it was unfair for the court to order service on the defendants within three days. However, the record reveals that the court actually ordered the Andertons to serve all the defendants with a copy of the Andertons' *amended* complaint within three days.

The amended complaint was filed June 17, 1985. Why all the defendants had not been served with a copy of the amended complaint when it was filed is not evident from the record. Facially, it appears to this Court unreasonable not to have served all the defendants with a copy of the amended complaint for over three months after it had been filed. A blanket assertion that such an order "rushed" justice is without merit.

■ Next, the Andertons, citing *Riggs v. Colis*, 107 Idaho 1028, 695 P.2d 413 (Ct. App.1985), contend that the district court erred in granting summary judgment because the court "must deny a motion for summary judgment when the case is to be tried by a jury." The Andertons misinterpret *Riggs*. In *Riggs* we held that summary judgment is improper if a case is to be tried before a jury "if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions." *Id.* at 1030, 695 P.2d at 415. Here, except for the one issue regarding attorney fees for the condemnation proceeding, there are no other reasonable inferences that can be drawn from the Andertons' assertions. Thus summary judgment in this case was proper. In fact, it is obvious from the Andertons' arguments that their real desire was for a jury trial at which the condemnation proceedings could again be aired. Construing all inferences in the Andertons' favor, clearly no trial was justified.

Another allegation made by the Andertons concerns an alleged conspiracy among all the defendants to take the Andertons' property. In short, such an argument is merely a conclusion without substance. There is nothing in the record to support such a theory.

The Andertons have raised additional arguments, some of which are simply irrelevant to this case. Other arguments, while arguably relevant, are controlled by our decisions on the above issues. Therefore, we do not discuss those arguments.

■ This Court has no reason to question the good faith of the Andertons in bringing the original suit or this appeal. However, the fact remains that this appeal, except for the attorney fee issue, is totally without foundation. This Court is convinced that the Andertons, by bringing this suit, were simply trying to relitigate the condemnation proceeding. Therefore, attorney fees on appeal are awarded to defendants American Land Title Company,

Herrington, Postlewaite, Moss, Thompson and Valley Realty. Attorney fees are not awarded to Harward. Defendants Herrington, Postlewaite and Moss—by cross-appeal—have also requested attorney fees for the district court proceedings. However, the district judge specifically stated that the action in the trial court against the city employees was not brought frivolously, unreasonably, or without foundation. The district court did conclude that the claim against Thompson and Valley Realty was frivolous because Thompson and Valley were sued simply as a result of Thompson's testimony giving his opinion as an appraiser. We are not persuaded that because some parties received an award of attorney fees this is in itself a valid reason for all parties to receive attorney fees. Therefore, we decline to award attorney fees to the city employees for their district court proceeding.

## VI

*Disposition.*

The summary judgment to all defendants except Harward is affirmed. As to Harward, the summary judgment on claims for malpractice is affirmed, but the claim regarding Harward's attorney fees for the condemnation proceeding is vacated. That issue is remanded for further proceedings. On remand, if the district court determines that Harward did contract to represent the Andertons for a total fee of $3000 or some other specific amount but received compensation in excess of that amount, the Andertons would be entitled to recover the excess obtained by Harward as a result of the appeal of the condemnation proceedings. Costs to all defendants except Harward; attorney fees awarded as set forth above. Case remanded.

SWANSTROM, J., and SMITH, J. Pro Tem, concur.