■ DONALD R. BARNES, Individually and as Administrator of the Estate of SHARON L. BARNES, Deceased, Respondent, v EARL DUNGAN et al., Appellants. [690 NYS2d 338] —Peters, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered June 1, 1998 in Delaware County, which denied defendants' motions to dismiss the complaint for failure to state a cause of action.

Sharon L. Barnes (hereinafter decedent) was an employee at defendant Peace Plantation Animal Sanctuary in October 1996 when she suffered a heart attack while on duty. Co-worker Jodi Seeley, certified to perform cardiopulmonary resuscitation (hereinafter CPR), immediately responded and offered to resuscitate decedent but was prohibited from doing so by defendant Earl Dungan, her supervisor at Peace Plantation. Plaintiff (decedent's husband) contends that had Seeley been permitted to perform CPR, decedent would have survived the heart attack.

Plaintiff commenced this action, individually and as administrator of decedent's estate, against Dungan, Peace Plantation and its parent organization, National Humane Education Society (hereinafter the Society), alleging, inter alia, an intentional interference with lifesaving medical assistance. Prior to answering, defendants each moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), alleging that no legal duty existed which required them to render emergency medical assistance; that workers' compensation provided the exclusive remedy for decedent's injuries; and that as to the Society, there existed no legal relationship which would make it responsible for the action of either Peace Plantation or Dungan. Supreme Court denied defendants' motions in their entirety, prompting this appeal.

Our review, on a motion of this kind, requires that we liberally construe the pleadings and accept the allegations as true, yielding every possible inference in plaintiff's favor (see, Leon v Martinez, 84 NY2d 83; Parker v State of New York, 242 AD2d 785; MacFawn v Kresler, 214 AD2d 925, affd 88 NY2d 859). From this procedural vantage, we find that Supreme Court properly denied the motions.

Notably, the complaint alleges that defendants affirmatively prevented Seeley, a coemployee, from administering CPR as opposed to a failure to provide or procure emergency medical assistance (*compare, Herman v Lancaster Homes*, 145 AD2d 926, *lv denied* 74 NY2d 601). Upon that basis, plaintiff contends that there existed a legal duty to refrain from interfering with Seeley, a third party, who was willing and able to render necessary medical assistance. The Restatement of Torts so defines that duty: "One who intentionally prevents a third person from giving to another aid necessary to prevent physical harm to him, is subject to liability for physical harm caused to the other by the absence of the aid which he has prevented the third person from giving" (Restatement [Second] of Torts § 326).

Although no New York court has been directly confronted with this issue and we make no comment as to whether the allegations, taken as true, will ultimately be proven, we acknowledge the standard enunciated by *Riggs v Colis* (107 Idaho 1028, 695 P2d 413), which addressed this issue in a motion for summary judgment. There, in analyzing whether there was a breach of the aforementioned duty when the defendant prevented a bystander from providing emergency aid to the plaintiff while she was under attack, the court instructed that a viable claim must show "the necessary fact situation of three parties—the victim, a rescuer, and one who prevents or interferes with the rescuer—and the aid must have been actually prevented" (*id.*, at 1030, at 415; *see, Soldano v O'Daniels*, 141 Cal App 3d 443, 190 Cal Rptr 310).

Here, notwithstanding the fact that both Dungan and Seeley were both employees of Peace Plantation at the time that Dungan ordered Seeley not to render aid to the decedent, we find that upon a liberal viewing of the complaint and an analysis of the claim upon the *Riggs v Colis (supra)* standard, Seeley may be found to have volunteered emergency medical care outside the scope of her employment, thereby constituting the "rescuer" who was prevented or interfered with by Dungan from rendering needed medical aid to decedent (*see, id.*).

As to defendant's remaining contention that workers' compensation is the exclusive remedy available to plaintiff, we find that such issue is not only an affirmative defense and does not address the sufficiency of the complaint, but there also exists an exception to the exclusivity provisions of the Workers' Compensation Law if the acts can be found to constitute an intentional tort as plaintiff alleges (*see,* Workers' Compensation Law § 11; *Matter of Blanchard v Integrated Food Sys.*, 220 AD2d 895; *Acevedo v Consolidated Edison Co.*, 189 AD2d 497, *lv dismissed* 82 NY2d 748).

Finally, addressing the Society's contention that there exists no relationship between it and decedent, we find that in accepting the allegations in the complaint as true, a cause of action is sufficiently pleaded. Whether there is actual control by the Society over the actions of Peace Plantation will be a question of fact to be determined at trial (*see, Pebble Cove Homeowners' Assn. v Fidelity N. Y.,* 153 AD2d 843).

Accordingly, we affirm Supreme Court's order.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.