Talmadge v Roman Catholic Diocese of Albany, N.Y. (2018 NY Slip Op 08983)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Talmadge v Roman Catholic Diocese of Albany, N.Y.

2018 NY Slip Op 08983

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526518

[*1]ERIC TALMADGE, Individually and as Parent and Guardian of SAVANNAH TALMADGE, an Infant, Respondent,
vROMAN CATHOLIC DIOCESE OF ALBANY, NEW YORK, Doing Business as ST. MARY'S CHURCH OF ONEONTA, NEW YORK, et al., Appellants, et al., Defendants.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Tobin & Dempf, LLP, Albany (Michael L. Costello of counsel), for appellants.
Dreyer Boyajian, LLP, Albany (Joshua R. Friedman of counsel), for respondent.

MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (McDonough, J.), entered July 13, 2017 in Albany County, which denied a motion by defendants Roman Catholic Diocese of Albany, New York and St. Mary's Church of Oneonta, New York to, among other things, dismiss the complaint.
Plaintiff, acting on behalf of himself and his infant child, commenced this action in Albany County to recover for injuries the child sustained in a parish hall owned by defendant St. Mary's Church of Oneonta, New York (hereinafter the parish) in Otsego County. Following joinder of issue, defendant Roman Catholic Diocese of Albany, New York (hereinafter the diocese) and the parish (hereinafter collectively referred to as defendants) moved to dismiss the complaint against the diocese pursuant to CPLR 3211 (a) (1) and (7) and to change venue from Albany County to Otsego County. Supreme Court denied the motion in its entirety and, upon defendants' appeal, we now affirm.
Upon this appeal, defendants contend that no viable claim existed against the diocese inasmuch as documentary proof showed it to be a distinct corporate entity that had no ownership [*2]of, or control over, the parish [FN1]. Plaintiff acknowledged the distinction between the diocese and parish in the complaint, however, and alleged that the parish was at all relevant times under the supervision of the diocese and acted as "its agent and alter ego" during the relevant period. This allegation is accepted as true on a motion to dismiss, and defendants attempted to defeat "[t]he liberal construction and favorable inferences to which . . . plaintiff is entitled" by showing that plaintiff's claims were "conclusively refuted by documentary evidence" (Vestal v Pontillo, 158 AD3d 1036, 1038 [2018]; see CPLR 3211 [a] [1]; Simkin v Blank, 19 NY3d 46, 52 [2012]; Keehle v Diocese of Syracuse, 80 AD3d 974, 974 [2011]). The proffered documentary evidence did nothing of the sort and, indeed, a certificate of liability insurance that was obtained for the relevant event and named the diocese as an additional insured suggested some degree of diocesan supervision and control over the parish. Supreme Court was therefore correct to decline to dismiss the complaint against the diocese (see Vestal v Pontillo, 158 AD3d at 1038; Barnes v Dungan, 261 AD2d 797, 799 [1999]).
As for that part of the motion seeking a change in venue, plaintiff was free to commence this action in Albany County, the home of the diocese's principal office (see CPLR 503 [a], [c]; 509). Defendants argued that a discretionary change in venue was necessary to further "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]), but addressed that issue in a reply affidavit that did not establish, as required, "the names and addresses of the nonparty witnesses that had expressed their willingness to testify, the substance and relevance of their proposed testimony, and how they would be unduly inconvenienced by appearing for trial in Albany County" (Liere v State of New York, 123 AD3d 1323, 1324 [2014]; see Healthcare Professionals Ins. Co. v Parentis, 132 AD3d 1138, 1139-1140 [2015]). Thus, Supreme Court did not abuse its discretion in refusing to change the designated venue.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.
Footnotes

Footnote 1: Defendants concede that affidavits contained in their motion papers that disputed plaintiff's factual allegations were properly disregarded by Supreme Court (see Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Crepin v Fogarty, 59 AD3d 837, 838 [2009]; IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1356 [2008], lv denied 11 NY3d 706 [2008]).