## (October 23, 1980)

■ KIAMESHA CONCORD, INC., Respondent, v DAVID L. KAHN, Appellant. (Action No. 1.) LILLIAN KAHN, Appellant, v KIAMESHA CONCORD, INC., et al., Respondents. (Action No. 2.)—Appeals (1) from an order of the Supreme Court at Special Term, entered May 15, 1978 in Sullivan County, removing Action No. 2 from New York County to Sullivan County and consolidating Action No. 2 with Action No. 1, pending in Supreme Court, Sullivan County, and (2) from an order of the Supreme Court at Special Term, entered August 18, 1978 in Sullivan County, dismissing in Action No. 2 the first and fourth causes of action without prejudice to plaintiff's repleading a cause of action pursuant to section 206 of the General Business Law. The genesis of the instant actions emanates from a dispute between the Concord Hotel and David L. Kahn and his mother, Lillian Kahn, over the amount owed the plaintiff for hotel accommodations accorded the defendants during the Passover holidays, April 1 to April 10, 1977. The plaintiff hotel has sued the defendant David Kahn in Action No. 1 for $82.82 for hotel accommodations. The suit was commenced in Sullivan County. David L. Kahn has interposed a series of counterclaims against the plaintiff hotel in Action No. 1, and his mother, Lillian Kahn, has sued the Concord Hotel separately in Action No.

2. David Kahn alleges in his amended answer and counterclaim six causes of action alleging damage to his professional reputation, public humiliation and mental distress, undue restraint, battery and an overcharge for services rendered in violation of section 206 of the General Business Law and seeks exemplary damages for malicious injury to his person. The plaintiff Lillian Kahn, in Action No. 2, sues for relief based on the same underlying facts on which her son seeks recovery. She additionally attempts to secure injunctive relief, preventing the hotel from suing her for the hotel bill, and also seeks to bring a class action for all guests of the hotel who have been likewise overcharged. These two causes of action were dismissed by Special Term. Remaining in Action No. 2 is a cause of action for emotional harm, false imprisonment and a right to replead a cause of action under section 206 of the General Business Law. The Kahns seek a reversal of the consolidation of the two causes of action for trial, a reversal of the denial of their motion·for a change of venue to New York County because of the frail health of Lillian Kahn and the reinstatement of Lillian Kahn's cause of action for declaratory judgment and injunctive relief and permission to pursue a class action. We find no merit to these appeals. The consolidation of the two actions is certainly indicated. It is obvious from the pleadings that a substantial number of issues of fact and law are common to both actions. For the sake of judicial efficiency it makes eminent sense to join the actions. We find, too, that Lillian Kahn has failed to substantiate her claim of prejudice to a substantial right because of the consolidation of these actions. The selection of Sullivan County as the place of venue is indicated because it is the locus of the events underlying the actions, many witnesses to the events reside there, there is no great inconvenience to the Kahns to travel the relatively short distance from their home to the place of trial and, finally, the likelihood of a more rapid disposal of the issues in the less congested courts of Sullivan County is indicated. We are also unpersuaded by the affidavit of Lillian Kahn that her ill health justifies a change of venue to New York County. We note that the allegations are unsupported by a doctor's affidavit. Finally, the dismissal of Lillian Kahn's class action is indicated. The case is clearly inappropriate for a class action. The pleadings and supporting affidavits fail to establish that common questions of law and fact would dominate should she be permitted to sue for all others who may have been overcharged (see CPLR 901). Also, her request for injunctive relief and declaratory judgment was appropriately dismissed. The hotel is entitled to have the issue of responsibility for the outstanding hotel bill decided. We find no merit to the other contentions raised by the Kahns in both actions. Orders affirmed, with costs. Greenblott, J. P., Kane, Mikoll, Casey and Herlihy, JJ., concur.