■ HAZEL SCOTT, Appellant, v ECKER MANUFACTURING CORP. et al., Respondents.—Order, Supreme Court, Bronx County (Harold Tompkins, J.), entered on or about November 14, 1988, which granted the motions of all defendants to change the venue of this action from Bronx County to Westchester County and the motion of defendants Ecker Manufacturing Corp. and Jorge Sobrino to strike the action from the Trial Calendar, unanimously reversed, on the law and the facts, without costs, the motions for a change of venue denied and the action restored to the Trial Calendar with leave to defendants to conduct a further physical examination and deposition of plaintiff regarding the "possible herniated disc". Such examination shall be conducted at a mutually convenient time and place or, failing such agreement, at a time and place to be fixed, on 30 days' notice, which notice is to be served within 30 days of this court's order.

It was an improper exercise of the court's discretion to grant defendants' motions for a change of venue where the motions were made, at the court's suggestion, some 31 months after the commencement of this motor vehicle negligence action, following several pretrial conferences in Bronx Supreme Court, after the apparent completion of discovery, and after the case had been placed on the Trial Calendar on January 12, 1988 (see, Alverio v Delta Intl. Mach. Corp., 139 AD2d 419). Additionally, where the driver of the vehicle which struck plaintiff as she stood on the sidewalk admitted that he had run a red light before colliding with a second vehicle and mounting the curb, there was an insufficient showing of either the substance or the materiality of the proposed testimony of the witnesses whose names appear in the police accident report. Nor is there any showing that those witnesses, who all reside in New Rochelle, would be any more inconvenienced by having to travel to the Bronx County Courthouse rather than the Westchester County Courthouse in White Plains.

Finally, in light of the limited discovery necessitated by the allegedly "new" injury contained in Dr. Schweitzer's medical report dated April 1, 1987, the action should be restored to the Trial Calendar with leave to defendants to conduct a further physical examination and EBT of the plaintiff. Concur—Kupferman, J. P., Sullivan, Carro and Kassal, JJ.