■ LAURA WEISEMANN et al., Appellants, v STEPHEN J. DAVISON, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 30, 1989, as, upon reargument, adhered to a prior determination made in an order dated February 22, 1989, granting the defendant's motion pursuant to CPLR 510 (3) for a change of venue of the action to Warren County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The record reveals that the plaintiffs and the defendant were involved in an automobile collision in Warren County, New York. The plaintiffs thereafter commenced this action in Suffolk County, the county in which they reside (see, CPLR 503 [a]) and in which their treating physicians maintain their offices. The defendant moved pursuant to CPLR 510 (3) to change the place of trial to Warren County for the convenience of material witnesses. The Supreme Court granted the application, and adhered to its original determination on the plaintiffs' motion for reargument. We disagree.

We find that under the circumstances presented, the court erred in changing the venue of this action to Warren County. It is settled law that a movant who seeks a change of venue based on the convenience of material nonparty witnesses is required to set forth (1) the identity of the proposed witnesses, (2) the manner in which they will be inconvenienced by a trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of their anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case (see, Feldman v North Shore Univ. Hosp., 157 AD2d 831; Alexandre v Pepsi-Cola Bottling Co., 150 AD2d 742; Jansen v Bernhang, 149 AD2d 468). "Absent such a showing, such a motion should be denied" (Greene v Hillcrest Gen. Hosp., 130 AD2d 621; see, Brevetti v Roth, 114 AD2d 877). The papers submitted by the defendant in this case fail to meet the foregoing criteria. While the affirmation of the defendant's counsel refers to an

investigating police officer who responded to the accident scene and subsequently filed a report, this reference is legally deficient inasmuch as it fails to establish that the officer had been contacted, that he was available to testify, and the nature of his anticipated testimony *(see, e.g., Hirsch v Canoha Transp.,* 124 AD2d 440). Similarly, the vague reference in counsel's affirmation to the presence of medical witnesses in Warren County is inadequate, as it does not identify the witnesses in question, it does not demonstrate that they are willing to testify, and it does not set forth the nature and materiality of their anticipated testimony. While motions for a change of venue under CPLR 510 (3) are addressed to the sound discretion of the court *(see, Filler v Cornell Univ.,* 147 AD2d 610; *McAdoo v Levinson,* 143 AD2d 819; *Wecht v Glen Distribs.,* 112 AD2d 891), we find that the defendant's submissions in this case "were legally insufficient to support an exercise of the court's discretion to change venue" *(D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541, 542). Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.