■ LILLIAN McMURRAY, Respondent, v KIAMESHA CONCORD INC., Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 26, 1990 in Sullivan County, which, *inter alia,* granted plaintiff's cross motion for a change of venue.

On February 3, 1990 plaintiff fell and was injured at the Concord Resort Hotel in Sullivan County. Plaintiff, a resident of Suffolk County, commenced this action by service of a summons and complaint on April 5, 1990 designating New York County as the place of venue. Defendant, the owner and operator of the Concord Resort Hotel, timely served upon

plaintiff a demand for change of venue to Sullivan County. Plaintiff failed to serve a reply to that demand. Defendant then moved for a change of venue based upon the ground that it is a domestic corporation with its principal place of business located in Sullivan County, which is also the county designated in its certificate of incorporation. Plaintiff cross-moved to change venue to Suffolk County based upon the convenience of material witnesses. Supreme Court, without opinion, denied defendant's motion and granted plaintiff's cross motion. Defendant appeals.

Defendant's contention that it was entitled to a change of venue to Sullivan County as of right and without consideration of plaintiff's cross motion is without merit. There is no doubt that a party faced with a motion made pursuant to CPLR 511 (b) may cross-move to change venue to a third county based upon the discretionary grounds contained in CPLR 510 (3) (see, e.g., Windhurst v Town of Thompson, 78 AD2d 930). Resolution of this appeal turns, therefore, on whether Supreme Court properly granted plaintiff's cross motion for a change of venue based upon the convenience of witnesses.

In support of the cross motion for a change of venue to Suffolk County, plaintiff submitted an affidavit in which she averred that on the day of the accident she was accompanied by Marion Charatan who lives in the Town of Babylon, Suffolk County, a distance of some 3½ hours from Sullivan County. Plaintiff's attorney submitted an affidavit in support of the cross motion averring that he took a statement from Charatan in which she stated that on the evening of the accident she was with plaintiff when they inquired at the hotel's service desk for directions to King Arthur's Court and were advised to take a certain route outside the building. Charatan also stated that she later determined that they could have proceeded to that location by a route inside the building. Charatan further stated that once outside she observed that they were on a blacktop surface which was icy and slippery, and that she observed plaintiff slip and fall. Plaintiff's attorney, in his affidavit, further averred that while there is another unknown eyewitness to the accident, he has been unsuccessful in his attempts to locate that individual and, therefore, Charatan is the only independent eyewitness to the accident and is indispensable to the prosecution of plaintiff's case.

Contrary to defendant's assertions, plaintiff has provided the name and address of the witness involved and has demonstrated that she will actually be able to testify to relevant

facts and that her testimony is not only relevant but also material (see, *Farra v Hesseltine*, 134 AD2d 788). However, plaintiff has not demonstrated that Charatan has agreed to testify (see, *Greene v Hillcrest Gen. Hosp.*, 130 AD2d 621), nor has she indicated that the distance between Sullivan and Suffolk Counties will indeed be an inconvenience to Charatan. Indeed, we live in a very mobile society and it is apparent that on the occasion of the accident in question it was convenient for Charatan to be in Sullivan County (cf., *Edwards v Lamberta*, 42 AD2d 1003).

Finally, plaintiff failed to address the issue of whether the ends of justice will be promoted by her proposed change. In that regard, we note that Sullivan County is where this transitory action arose and we presume that the conditions of the trial calendars in that rural county will result in a far speedier trial than in urban Suffolk County, which is a significant factor in the determination of a motion of this sort (see, *McKinney & Son v Lake Placid 1980 Olympic Games*, 84 AD2d 635; *Edwards v Lamberta, supra*). It was plaintiff's burden of producing evidence to support her proposed change of venue, which should include evidence concerning the trial calendars in the counties involved in the motion (see, *Thorner-Sidney Press v Merling Marx & Seidman*, 115 AD2d 328). We do not believe that plaintiff sustained her burden and would, therefore, reverse.

Mahoney, P. J., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted and venue of the action changed to Sullivan County.