■ MICHAEL M. LEVI, Appellant, v SHARON M. LEVI, Also Known as WILLA SCOTT, Respondent. (Action No. 1.) SHARON LEVI, Respondent, v MICHAEL M. LEVI, Appellant. (Action No. 2.) [607 NYS2d 744] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Connor, J.), entered April 19, 1993 in Columbia County, which, upon reargument, adhered to its prior decision granting Sharon M. Levi's motion for interim accounting fees and denying Michael M. Levi's cross motion for a change of venue.

In August 1989, Michael M. Levi (hereinafter plaintiff) commenced an action for divorce and equitable distribution in Columbia County (action No. 1), where the parties' primary residence, a farm, is located. Two weeks later his wife, Sharon M. Levi (hereinafter defendant), commenced a similar action in New York County (action No. 2) and thereafter moved to change the venue of action No. 1 to New York County; plaintiff vigorously opposed the motion. Supreme Court denied the motion and ordered the two actions joined for trial in Columbia County.

In July 1992, after extensive discovery had been undertaken, defendant moved for interim accounting fees in the amount of $54,635. Plaintiff opposed the motion and cross-moved to have the venue changed to New York County, claiming that there had been a significant change in plaintiff's circumstances, specifically his declining health and the need to relocate to that County to be near his physician. He also maintained that the requested change would facilitate the attendance of both parties' witnesses. Supreme Court awarded defendant $28,000 in accounting fees and refused to change the venue. On reargument, the court adhered to its original decision. Plaintiff appeals.

Considering that plaintiff has assets worth over $2 million,

an annual income of nearly $500,000, and there is some indication that he has been less than forthcoming with data necessary to evaluate the true value of the marital estate, we do not find Supreme Court's award of just over one half of the accounting fees requested by defendant to have been an abuse of discretion *(see, Maharam v Maharam,* 177 AD2d 262, 264-265; *Baker v Baker,* 120 AD2d 374, 376). The amount awarded for an expert evaluation of plaintiff's holdings, which include several medical enterprises, was within the cost range plaintiff's expert found to be acceptable for such services. Furthermore, the record confirms that Supreme Court did, in fact, intend to award the full $28,000, without any offset for amounts previously paid by defendant. There is nothing inherently improper about this award *(see, Ross v Ross,* 90 AD2d 541, 542) and we find no reason to disturb it.

As for plaintiff's request for a change of venue, we note that this is a matter left to the trial court's sound discretion *(see, Weisemann v Davison,* 162 AD2d 448, 449), and that on this record, denial of the motion was not an abuse of Supreme Court's discretion. Plaintiff's submissions do not warrant concluding that the stress occasioned by attending a trial in Columbia County, as opposed to New York County, will be more detrimental to his health, or that he must stay in New York County because his doctor is there. It is worth noting in this regard that plaintiff, who was stricken with Guillaume-Barre Syndrome in 1989 and is partially paralyzed as a result, admits that his health problems have not deterred him from traveling to Israel to visit his family. And, the need to be near his physician is further belied by the fact that he has documented only six visits to him in the past three years.

Moreover, as defendant, not unreasonably, points out, inasmuch as plaintiff still owns the large farm in Columbia County which served as the parties' primary residence, and the basis for bringing the action in that County originally—which farm is serviced by a housekeeping couple and maintained by plaintiff, according to his net worth schedule, at a cost of $10,000 per month—no convincing reason has been shown why he cannot stay there during the trial. Notable also is the fact that while plaintiff suffered the onset of the disease, and the initial attack which left him paralyzed, in December 1989, he makes no attempt to explain his delay in making this motion *(see, Scott v Ecker Mfg. Corp.,* 161 AD2d 347, 348; *Micale v Jones,* 96 AD2d 791).

Finally, although he contends that the New York County venue would be more convenient for all of his witnesses—the

majority of whom are his employees or expert witnesses *(see, Wecht v Glen Distrib. Co.,* 112 AD2d 891, 892)—and all but one of defendant's witnesses, plaintiff has only indicated the substance of those witnesses' testimony in the broadest terms, and he has not shown how that testimony is material or necessary to the action *(see, Zinker v Zinker,* 185 AD2d 698).

On balance, after considering that defendant selected Columbia County as his preferred forum and persuaded the court not to transfer this matter to New York County, along with the likelihood that this four-year-old case will come to trial more quickly in Columbia County than it would in New York County *(see, McMurray v Kiamesha Concord,* 178 AD2d 825), and the weak factual showing made by defendant in support of his motion, it cannot be said that Supreme Court's denial of that motion was an abuse of discretion.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.