■ STATE OF NEW YORK, Respondent, v MARVIN H. MERSACK et al., as Guardians of JEROME P. MERSACK, Appellants. [609 NYS2d 418] —Crew III, J. Appeal from an order of the Supreme Court (Cardona, J.), entered November 5, 1992 in Albany County, which, *inter alia,* partially granted plaintiff's motion for summary judgment.

Defendants are the parents of Jerome P. Mersack, a mentally retarded adult. At all times relevant hereto, Mersack was a resident of Long Island Developmental Center, which is

---

part of the State Office of Mental Retardation and Developmental Disabilities. By order of the Surrogate's Court of Nassau County dated August 1, 1988, defendants were appointed Mersack's guardians and, in that capacity, hold approximately $100,000 as proceeds of a medical malpractice action settlement.

Plaintiff thereafter commenced this action against defendants seeking to recover for medical assistance incorrectly paid to Mersack between December 1986 and December 1990. Defendants answered and moved for a change of venue. Plaintiff then moved for summary judgment and defendants cross-moved for similar relief. Supreme Court partially granted plaintiff's motion for summary judgment, denied defendants' cross motion and, further, denied defendants' motion for a change of venue as moot. An order was entered awarding plaintiff $332,933.79 as reimbursement for medical assistance incorrectly paid from August 1988, when Mersack received the settlement proceeds, through December 1990, the last date of plaintiff's claim. This appeal by defendants followed.

We affirm. Defendants, as so limited by their brief, first contend that Supreme Court lacked jurisdiction over this action and, further, that this action was improperly venued in Albany County. These arguments lack merit. Supreme Court clearly has concurrent jurisdiction with Surrogate's Court in matters involving guardians and guardianship property (see, NY Const, art VI, § 7), and Albany County, as the county where plaintiff's principal office is located, is the proper venue (see, CPLR 503 [a]).

Defendants next contend that this action must be deemed premature absent an administrative determination that Mersack was incorrectly provided with medical assistance due to financial ineligibility. Contrary to defendants' assertion, a recipient of public assistance, which includes medical assistance for needy persons (see, Social Services Law § 2 [18]), has no right to a fair hearing where, as here, restitution is demanded pursuant to Social Services Law § 104 (see, 18 NYCRR 358-3.1 [f] [6]; Matter of Gonzalez, 154 Misc 2d 633, 635). Rather, the court determines whether the benefits were incorrectly paid and are recoverable (see, Social Services Law § 369 [2] [a] [i]).

Finally, we reject defendants' assertion that Supreme Court erred in partially granting plaintiff's motion for summary judgment. In support of its motion, plaintiff submitted a

verified claim detailing the dates upon which Mersack received assistance and the cost of the services provided as proof of the amount due in reimbursement. Defendants concede that Mersack was a resident of Long Island Developmental Center during the period in question but contend that the amount due is a question of fact. Once plaintiff met its burden of establishing the amount due by tendering sufficient proof in admissible form, "the burden shifted to defendant[s] to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact or to demonstrate an acceptable excuse for the failure to meet this burden" *(State of New York v Coyle,* 171 AD2d 288, 291, *appeal dismissed, lv denied* 79 NY2d 805). This defendants failed to do and, as such, plaintiff's motion was properly granted. Defendants' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.