■ Mark Mroz, Respondent, v Ace Auto Body & Towing, Ltd., et al., Appellants. [761 NYS2d 549] —Rose, J. Appeal from an order of the Supreme Court (Kramer, J.), entered April 17, 2002 in Schenectady County, which denied defendants' motion for a change of venue.

Plaintiff commenced this action in Schenectady County, his place of residence, seeking to recover for defendants' breach of an oral contract to restore plaintiff's 1972 police car. Shortly after defendants were served with the summons and complaint, they moved pursuant to CPLR 510 (3) to change venue from Schenectady County to Nassau County where defendants conduct business and most of their intended witnesses reside. Supreme Court denied the motion, prompting this appeal.

We affirm. CPLR 510 (3) provides for a discretionary change of venue where "the convenience of material witnesses and the ends of justice will be promoted by the change." Movants seeking such relief must "supply the names, addresses and occupations of the witnesses whose convenience [their] claims will be affected, indicate that the prospective witnesses have been contacted and are willing to testify on [their] behalf and specify the substance of each witness's testimony, which must be nec-

essary and material" (*Andros v Roderick*, 162 AD2d 813, 814 [1990]; *see Boral v Clarkson Univ.*, 270 AD2d 776, 777 [2000]).

Here, defendants do not specify the substance of each witness's testimony sufficiently to demonstrate that it is necessary and material to plaintiff's claims or defendants' defenses. For example, defendants identify five "antique police car buffs" without adequately specifying the relevance of their testimony to factual issues in this action. In addition, eight of defendants' witnesses are their own employees or agents who worked on plaintiff's car at its behest, whose convenience carries little if any weight on a motion pursuant to CPLR 510 (3) (*see Martinez v Dutchess Landaq, Inc.*, 301 AD2d 424, 425 [2003]; *Said v Strong Mem. Hosp.*, 255 AD2d 953, 954 [1998]; *Levi v Levi*, 201 AD2d 794, 795-796 [1994]). Others, such as those who would testify as to the quality of the parts and paint used in the restoration, must be considered expert witnesses, whose convenience again is given little weight (*see Levi v Levi, supra* at 796). Finally, although defendants assert that their business would have to close and their employees would lose income if required to testify in Schenectady County, such a conclusory allegation is insufficient for us to conclude that Supreme Court abused its discretion in denying the requested change of venue.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.