■ FRONTIER INSURANCE COMPANY IN REHABILITATION, Appellant, v BIG APPLE ROOFING COMPANY, INC., et al., Respondents. [855 NYS2d 702]—

Mercure, J.P. Appeal from an order of the Supreme Court (Meddaugh, J.), entered June 7, 2007 in Sullivan County, which granted defendants' motion for a change of venue.

Plaintiff issued performance bonds on behalf of a nonparty to this action in connection with construction projects for work on, among other things, a high school in New York County. These bonds were indemnified by defendants. When the nonparty defaulted, plaintiff contracted to have all the projects completed. Thereafter, plaintiff commenced this action in Sullivan County, alleging as relevant here that defendants breached their obligation to reimburse plaintiff for the cost of completion of the high school project. Supreme Court granted defendants' motion, pursuant to CPLR 510 (3), for a change of venue from Sullivan County—plaintiff's principal place of business—to New York County, based upon the convenience of material nonparty witnesses. Plaintiff appeals and we now reverse.

A party seeking a change of venue pursuant to CPLR 510 (3) must assert the names and addresses of the witnesses, the substance and materiality of their expected testimony on the issues presented, their willingness to testify and the manner in which they will be inconvenienced by a trial in the venue where the action was commenced (see Gissen v Boy Scouts of Am., 26 AD3d 289, 290-291 [2006]; Manchester Tech. v Hansen, 6 AD3d 806, 807 [2004]; Vasta v Village of Liberty, 235 AD2d 1006, 1007 [1997]). Here, of the five material nonparty witnesses listed by defendants, only three are named and defendants have offered no explanation for their failure to name the remaining two witnesses (cf. Manchester Tech. v Hansen, 6 AD3d at 807). In addition, defendants failed to contact all but one of the named nonparty witnesses to determine a willingness to testify, the

substance of that testimony and the potential inconvenience of a trial in Sullivan County. Regarding the sole witness who was contacted, defendants failed, beyond a conclusory statement of inconvenience, to establish the manner or extent to which the witness would be inconvenienced. In short, because defendants failed to meet their burden of establishing that the convenience of material witnesses will be promoted by a change of venue, transfer of venue to New York County is unwarranted (*see Gissen v Boy Scouts of Am.*, 26 AD3d at 291; *Rodriguez-Lebron v Sunoco, Inc.*, 18 AD3d 275, 276 [2005]; *Jacobs v Banks Shapiro Gettinger Waldinger & Brennan, LLP*, 9 AD3d 299, 299-300 [2004]; *Hernandez v Rodriguez*, 5 AD3d 269, 270 [2004]).

Furthermore, defendant Beqir Marku's submissions regarding his need for a change of venue due to health problems do not establish that a trial in Sullivan County will be more detrimental to his health than a trial in New York County (*see Levi v Levi*, 201 AD2d 794, 795 [1994]; *Zinker v Zinker*, 185 AD2d 698, 698-699 [1992]; *Kiamesha Concord v Kahn*, 78 AD2d 737, 738 [1980]). Finally, we note that defendants' remaining argument was not timely interposed and, thus, does not operate to relieve defendants of their burden under CPLR 510 (3) (*see Kurfis v Shore Towers Condominium*, 48 AD3d 300 [2008]). Accordingly, we reverse and remit the matter for trial in Sullivan County.

Peters, Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.