■ STATE OF NEW YORK, Respondent, v QUINTAL, INC., et al., Appellants. [915 NYS2d 168]—

Garry, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 22, 2010 in Albany County, which denied defendants' motion for a change of venue.

In June 2006, a truck owned by defendant Quintal, Inc. and driven by defendant Gerard J. Owenburg struck a highway bridge owned by plaintiff in the Town of Islip, Suffolk County. Plaintiff commenced this action in Albany County to recover for damage to the bridge. Defendants moved pursuant to CPLR 510 (3) for a change of venue to Suffolk County. Supreme Court denied the motion, and defendants now appeal.

Under CPLR 510 (3), a discretionary change of venue may be granted when "the convenience of material witnesses and the ends of justice will be promoted by the change." The movant bears the burden of proof and "must assert the names and addresses of the witnesses, the substance and materiality of their expected testimony . . . , their willingness to testify and the manner in which they will be inconvenienced by a trial in the venue where the action was commenced" (*Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc.*, 50 AD3d 1239, 1239 [2008]; *see Boral v Clarkson Univ.*, 270 AD2d 776, 777 [2000]). Absent a clear abuse of discretion, a court's resolution of a motion under CPLR 510 (3) will not be disturbed (*see Manchester Tech. v Hansen*, 6 AD3d 806, 807 [2004]; *State of New York v Kronberg*, 86 AD2d 711 [1982]).

In support of their motion, defendants listed 12 witnesses whose convenience would allegedly be promoted by trial in Suffolk County. However, two of these were defendants themselves, and six were plaintiff's employees. A discretionary change of venue under CPLR 510 (3) is addressed to the convenience of

nonparty witnesses (*see Manchester Tech. v Hansen*, 6 AD3d at 807); that of parties and their employees or agents "carries little if any weight" (*Mroz v Ace Auto Body & Towing*, 307 AD2d 403, 404 [2003]; *see Ithaca Peripherals v Sequoia Pac. Sys. Corps.*, 141 AD2d 909, 910 [1988]). As to the four nonparty witnesses, defendants made no showing as to the manner in which they would be inconvenienced by trial in Albany County beyond the general assertion that the two counties are 185 miles and four hours apart. In today's "very mobile society" (*McMurray v Kiamesha Concord*, 178 AD2d 825, 827 [1991]), the mere fact that witnesses must travel a significant distance does not establish, without more, that requiring their testimony would impose an undue burden (*see Heiss v Moose*, 16 AD3d 765, 766 [2005]; *Edwards v Lamberta*, 42 AD2d 1003 [1973]). The movant is required to demonstrate specifically *how* a witness will be inconvenienced. Conclusory assertions such as those offered here are insufficient (*see Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc.*, 50 AD3d at 1240; *compare Matter of Association of Cable Access Producers v Public Serv. Commn. of State of N.Y.*, 1 AD3d 761, 764 [2003], *lv denied* 2 NY3d 705 [2004]; *Callahan v Cortland Mem. Hosp.*, 127 AD2d 921, 921-922 [1987]).

In addition to failing to describe the manner in which the nonparty witnesses would be inconvenienced, defendants did not provide the name and address of a police officer who investigated the accident or indicate that he or she had been contacted and had agreed to testify (*see McMurray v Kiamesha Concord*, 178 AD2d at 827; *Weisemann v Davison*, 162 AD2d 448, 448-449 [1990]). Two witnesses whom defendants hired to inspect the bridge and the equipment that struck it are defendants' agents as well as experts, whose convenience carries little weight (*see Mroz v Ace Auto Body & Towing*, 307 AD2d at 404; *Levi v Levi*, 201 AD2d 794, 795-796 [1994]). The fourth nonparty witness, an estimator hired by plaintiff to assess the cost of repairing the damaged bridge, is from neither Suffolk nor Albany County (*see Cole v Lawas*, 97 AD2d 912, 913 [1983]); further, defendants indicated that they do not intend to call him as their own witness, but instead, wish to cross-examine him when plaintiff calls him. Thus, Supreme Court correctly determined that defendants did not make the requisite showing as to any witness.

Defendants argue that a transitory action such as this one should be brought in the county where the cause of action arose. However, even in such actions, a party seeking a venue change is required to support the request with the required showing

*(see e.g. Boral v Clarkson Univ.*, 270 AD2d at 777). Defendants did not do so here. Venue in Albany County is proper as the location of plaintiff's principal office *(see* CPLR 503 [a]; *State of New York v Mersack*, 202 AD2d 899, 900 [1994]), and plaintiff asserts that the matter may be tried more speedily there *(see McMurray v Kiamesha Concord*, 178 AD2d at 827; *State of New York v Kronberg*, 86 AD2d at 711).

Accordingly, we find that Supreme Court properly applied precedent with no abuse of discretion. Nonetheless, in consideration of defendants' argument as to the hardships posed by travel and the extent of the significant contacts in Suffolk County, we note plaintiff's express commitment to conduct pretrial discovery in Suffolk County.

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.