■ In the Matter of the Dissolution of SUPPLIER DISTRIBUTION CONCEPTS, INC. and MDR CUSTOM COMPONENTS, LLC. STEPHEN RICHARDS, Respondent; SUPPLIER DISTRIBUTION CONCEPTS, INC., et al., Appellants. [915 NYS2d 671]—

Spain, J. Appeal from an order of the Supreme Court (Lebous, J.), entered June 30, 2010 in Broome County, which, among other things, denied respondents' motion to change venue.

Petitioner commenced this proceeding in Supreme Court in Broome County seeking the judicial dissolution of respondents. Respondents thereafter moved for a change in venue to Monroe County and petitioner cross-moved to retain venue in Broome County, which is located in the Sixth Judicial District. Supreme Court denied respondents' motion and granted petitioner's cross motion retaining venue in Broome County. Respondents now appeal.

We reverse. Pursuant to Business Corporation Law § 1112, an action for judicial dissolution of a corporation "shall be brought in the supreme court in the judicial district in which the office of the corporation is located." Similarly, with regard to limited liability companies, "the supreme court in the judicial district in which the office of the limited liability company is located may decree dissolution" (Limited Liability Company Law § 702). Here, it is undisputed that the offices of respondents are located in Monroe County, in the Seventh Judicial District. Further, even assuming that a proceeding seeking judicial dissolution which also requests other types of relief may be brought in a venue other than where the offices of the corporation or limited liability company are located (*see e.g. Matter of Tashenberg v Breslin*, 89 AD2d 812 [1982]), our review of the record reveals *that petitioner did not request any other relief here, only* minimal disclosure. While petitioner alleges in his petition that respondents, among other things, failed to authorize dividends or cash distributions and attempted to deprive him of compensation, he does not seek any relief based upon these alleged wrongdoings other than dissolution. Accordingly, we conclude that the proper venue for this proceeding is the Seventh Judicial District and respondents' motion for a change of venue should have been granted.

Regarding petitioner's cross motion, we are cognizant that a court may, in its discretion, change or retain venue upon consideration of "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]; *see Vasta v Village of Liberty*, 235 AD2d 1006 [1997]). However, in order to retain venue in Broome County, it was petitioner's burden to provide "the names and addresses of the witnesses, the substance and materiality of their testimony relative to the issues in the case,

[and assurances] that the witnesses have been contacted and are willing to testify on behalf of the movant, and the manner in which they will be inconvenienced" (*Gissen v Boy Scouts of Am.*, 26 AD3d 289, 290-291 [2006]). "A discretionary change of venue under CPLR 510 (3) is addressed to the convenience of *nonparty* witnesses" (*State of New York v Quintal, Inc.*, 79 AD3d 1357, 1357-1358 [2010] [emphasis added and citation omitted]; *see State of New York v Slezak Petroleum Prods., Inc.*, 78 AD3d 1288 [2010]). Inasmuch as petitioner failed to delineate the substance or materiality of the nonparty witnesses' testimony as it relates to respondents' dissolution and proffered only conclusory statements as to the manner or extent to which those witnesses would be inconvenienced by trial in the Seventh Judicial District (*see Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc.*, 50 AD3d 1239, 1239-1240 [2008]; *Root v Brotmann*, 41 AD3d 247 [2007]; *Gissen v Boy Scouts of Am.*, 26 AD3d at 290-291), his cross motion to retain venue in Broome County should have been denied.

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, respondents' motion granted and petitioner's cross motion denied.