*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 17, 2014                517880
_____

KEVIN JACKSON,
                    Appellant,

        v
                                    MEMORANDUM AND ORDER

JAMAICA HOSPITAL MEDICAL
    CENTER,
                    Respondent,
                    et al.,
                    Defendant.
_____

Calendar Date:  June 6, 2014

Before:  Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

                    _____

        Kevin Jackson, Dannemora, appellant pro se.

        Martin, Clearwater & Bell, LLP, New York City (Stewart
G. Milch of counsel), for respondent.

                    _____

Devine, J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered January 16, 2013 in Clinton County, which, among other
things, granted a motion by defendant Jamaica Hospital Medical
Center to change venue from Clinton County to Queens County.

        Plaintiff is currently incarcerated at the Clinton
Correctional Facility in Clinton County upon two convictions for
murder in the second degree and weapons charges (People v
Jackson, 287 AD2d 520 [2001], lv denied 97 NY2d 705 [2002]).  In
2006, plaintiff commenced this action against defendant Jamaica
Hospital Medical Center (hereinafter defendant) and a record-
keeping employee alleging fraud with regard to certain records

related to one of the victims.[1] On a previous appeal, we affirmed an order granting plaintiff's motion to compel discovery (61 AD3d 1166 [2009]). Following our order, plaintiff received the requested records in October 2009. In December 2011, Supreme Court scheduled a status conference, which was conducted in January 2012.

Following the conference at which Supreme Court, among other things, questioned why this action was venued in Clinton County, defendant moved for a change of venue from Clinton County to Queens County. Plaintiff opposed and cross-moved for, among other things, sanctions and recusal of Justice Muller. Supreme Court granted defendant's motion to change venue and denied plaintiff's requested relief. Plaintiff now appeals.

Plaintiff contends that this action should not have been transferred. We agree. Inasmuch as the grounds proffered for defendant's motion — namely, plaintiff's residence and the convenience of witnesses — were known to it since the commencement of the action in 2006, the timing of defendant's 2012 motion was not reasonable and it should not have been granted (see Sade San A Jong v Lesesne, 114 AD3d 624, 625 [2014]; Horowicz v RSD Transp., 249 AD2d 511, 511 [1998]; Corona v Town of Hancock, 221 AD2d 838, 838 [1995]).[2] Furthermore, with regard to defendant's contention that the action should be transferred for the convenience of material witnesses (see CPLR 510 [3]), its

_____

[1] A similar action was commenced in Queens County in 2002, but was voluntarily discontinued in 2009.

[2] With regard to defendant's assertion that venue is not proper in Clinton County, defendant failed to timely follow the procedures set forth in CPLR 511 (see CPLR 510 [1]; 511 [a], [b]; Simon v Usher, 17 NY3d 625, 628 [2011]; Thomas v Guttikonda, 68 AD3d 853, 854 [2009]; Callanan Indus. v Sovereign Constr. Co., 44 AD2d 292, 294-295 [1974]). Defendant's motion thus became one addressed entirely to the discretion of Supreme Court (see Thomas v Guttikonda, 68 AD3d at 854; Tatko Stone Prods., Inc. v Davis-Giovinzazzo Constr. Co., Inc., 65 AD3d 778, 778 [2009]; Callanan Indus. v Sovereign Constr. Co., 44 AD2d at 295).

bare assertion that it "presumes that all possible material witnesses reside in or near Queens County" is patently insufficient to support a change of venue (see State of New York v Quintal, Inc., 79 AD3d 1357, 1357-1358 [2010]; Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc., 50 AD3d 1239, 1239-1240 [2008]; Boral v Clarkson Univ., 270 AD2d 776, 777 [2000]).

Finally, although we are reversing that part of Supreme Court's order as granted defendant's motion for a change of venue and this matter will be back before Supreme Court, we are not persuaded by plaintiff's contention that this matter should be remitted to a different judge. Although we find that Supreme Court abused its discretion in granting defendant's motion, nothing in the court's handling of this motion regarding a wholly procedural issue evinces any partiality on its part with respect to the merits of this action or any subsequent issues which may arise.[3] Plaintiff's contention regarding his recusal motion has otherwise been rendered academic by our decision and his remaining contentions have been considered and found to be without merit.

Lahtinen, J.P., Stein, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Jamaica Hospital Medical Center to change venue; motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3] To the extent that plaintiff alleges bias on the part of Supreme Court due to plaintiff's status as a prisoner and/or a "political stance" betrayed by the court's statements or actions, we find plaintiff's argument to be baseless.