## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 22, 2015                    520780
_____


HEALTHCARE PROFESSIONALS
     INSURANCE COMPANY,
                    Appellant,
          v                                MEMORANDUM AND ORDER

MICHAEL A. PARENTIS,
                    Respondent,
                    et al.,
                    Defendants.
_____


Calendar Date:  September 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____


     Hitchcock & Cummings, LLP, New York City (Terry Cummings of counsel), for appellant.

     Phillips Lytle, LLP, Buffalo (William J. Brennan of counsel), for respondent.

_____


Lynch, J.

     Appeal from an order of the Supreme Court (Connolly, J.), entered December 22, 2014 in Albany County, which granted defendant Michael A. Parentis' motion to change venue from Albany County to Erie County.

     In February 2014, an Erie County jury awarded defendants Donald Schultz and Katherine Schultz a verdict in a medical malpractice action totaling $8.6 million against defendant Michael A. Parentis.  At the time of the verdict, Parentis had liability insurance coverage totaling $2.3 million per claim through a $1.3 million policy with defendant Medical Liability

Mutual Insurance Company (hereinafter MLMIC) and a $1 million excess coverage policy with plaintiff. Plaintiff commenced a declaratory judgment action in Albany County seeking a determination that it acted in good faith during settlement negotiations in the underlying action and that its obligation to indemnify Parentis is limited to $1 million. In his answer, Parentis asserted a counterclaim alleging that plaintiff acted in bad faith by refusing to tender the maximum coverage under the policy and enter into a settlement with the Schultzes during jury deliberations. Parentis moved to change venue of the action from Albany County to Erie County. Supreme Court granted the motion, determining that the interest of justice would be promoted by a change of venue to Erie County. Plaintiff now appeals.

A discretionary change of venue may be granted when the moving party is able to demonstrate that the "convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]; see State of New York v Quintal, Inc., 79 AD3d 1357, 1357 [2010]). Such an application "is addressed to the convenience of nonparty witnesses; that of parties and their employees or agents carries little if any weight" (State of New York v Quintal, Inc., 79 AD3d at 1357-1358 [internal quotation marks and citations omitted]). To this end, the movant is required to "proffer detailed relevant information establishing that the convenience of the nonparty witnesses would be enhanced" (Hyman v Schwartz, 114 AD3d 1110, 1112 [2014], lv dismissed 24 NY3d 930 [2014] [internal quotation marks and citations omitted]) and "assert the names and addresses of the witnesses, the substance and materiality of their expected testimony . . ., their willingness to testify and the manner in which they will be inconvenienced by a trial in the venue where the action was commenced" (Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc., 50 AD3d 1239, 1239 [2008]; accord State of New York v Quintal, Inc., 79 AD3d at 1357).

Here, Brian Weidner, the attorney retained by MLMIC to represent Parentis in the underlying action, William Brennan, Parentis' attorney in this action, and Parentis each submitted an affidavit in support of the motion to change venue. Parentis averred that his orthopedic practice located in Erie County would be burdened by a trial of the action in Albany County.

Weidner averred that he would be inconvenienced because he resides and works in Erie County. While the Schultzes did not appear in support of the motion, Jeffrey Black, their attorney, submitted an affidavit wherein he averred that Donald Schultz, an amputee, would be burdened by having to travel to Albany County and that Black himself would be inconvenienced if he were forced to leave his active law practice located "in the Western New York area" to attend a trial in Albany County. Although the MLMIC claims representative who attended the underlying trial was characterized as a "key witness," Parentis does not submit an affidavit by that individual to explain how he or she would be inconvenienced by a trial in Albany County.

In our view, plaintiff properly commenced this action in Albany County, the location of its principal place of business (see CPLR 503 [a], [c]). Even where, as here, an action is transitory,[1] the moving party must support an application for a venue change with the required detailed information (see State of New York v Quintal, Inc., 79 AD3d at 1358; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 173-174 [1995]). Here, as Supreme Court noted, with the arguable exception of Weidner, each of the affiants supporting the venue change was either a party or an employee or agent of a party. Further, none confirmed that he would be willing to testify nor did any provide any detail with regard to the substance of his testimony (see Matter of Supplier Distrib. Concepts, Inc., 80 AD3d 869, 871 [2011]). To be remembered, the underlying medical malpractice claim has already been established, leaving the operative issue here whether plaintiff engaged in good faith settlement negotiations while the jury was deliberating — events principally involving the parties and their respective employees and/or agents. Based on the submissions, the motion to change venue should have been denied.

Lahtinen, J.P., Garry and Devine, JJ., concur.

_____

    [1] A transitory action is one that does not affect or involve real estate or chattel (see O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 173 [1995]).

ORDERED that the order is reversed, on the law, with costs, and motion denied.

ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court