State of New York v Konikov (2020 NY Slip Op 02224)





State of New York v Konikov


2020 NY Slip Op 02224


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528735

[*1]State of New York, Respondent,
v
Aaron Konikov, Doing Business as Kinder World, Appellant.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Steven Greenfield, West Hampton Dunes, for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Supreme Court (O'Connor, J.), entered August 10, 2019 in Albany County, upon a decision of the court, among other things, granting plaintiff's cross motion for summary judgment.
The Office of Children and Family Services (hereinafter OCFS) imposed a civil fine of $213,500 on defendant for continuing to operate an unlicensed day care center between August 2013 and April 2015 in the Village of East Hills, Nassau County after OCFS had directed it to cease and desist (see Social Services Law § 390 [2] [a]; 18 NYCRR 418-1.15 [a] [1]). Defendant unsuccessfully challenged the fine in a proceeding pursuant to CPLR article 78, and OCFS thereafter sought plaintiff's assistance in recovering the fine. After defendant failed to respond to plaintiff's demand for payment, plaintiff commenced this action in Albany County to recover the fine. Defendant answered asserting several affirmative defenses, including that plaintiff did not have standing and that personal jurisdiction was never acquired over him based upon defective service, and submitted a change of venue request. Defendant then moved to dismiss on those grounds [FN1] and plaintiff cross-moved for summary judgment, opposing a venue change. Supreme Court denied defendant's request for a venue change and his motion for dismissal of the complaint and granted plaintiff's cross motion for summary judgment. Defendant appeals.
We affirm. As a threshold matter, contrary to defendant's claim, plaintiff properly brought this action to recover the fine that defendant owed to OCFS (see Excess Line Assn. of N.Y. [ELANY] v Waldorf & Assoc., 30 NY3d 119, 123 [2017]; Matter of New York State Bd. of Regents v State Univ. of N.Y., 178 AD3d 11, 16-17 [2019]). The Legislature has specifically authorized OCFS to request the Attorney General to commence a civil action to recover unpaid fines due to OCFS (see Social Services Law § 390 [11] [b] [ii]), as OCFS requested here. Further, the Attorney General is empowered to "prosecute and defend all actions and proceedings in which the state is interested" (Executive Law § 63 [1]; see Waldman v State of New York, 140 AD3d 1448, 1449 [2016]). OCFS is a state agency (see Executive Law § 500; State Finance Law § 18 [1] [a]; Matter of Metacarpa v Johnson, 268 AD2d 938, 939 [2000]) and, in the absence of any statutory restrictions, it was appropriate that this action to recover fines due from defendant to a state agency was commenced in the name of the state. Plaintiff demonstrated both the capacity and standing to bring this action (see Excess Line Assn. of N.Y. [ELANY] v Waldorf & Assoc., 30 NY3d at 123; New York State Bd. of Regents v State Univ. of N.Y., 178 AD3d at 16-17). Defendant's related claim that OCFS never requested assistance from the Attorney General in writing is unpreserved, as it was raised for the first time in its reply papers on its motion (see Divito v Fiandach, 160 AD3d 1356, 1359 [2018]; Oglesby v Barragan, 135 AD3d 1215, 1216 [2016]) and, in any event, the statute contains no such requirement (see Social Services Law § 390 [11] [b] [iii]).
Supreme Court properly rejected defendant's affirmative defense of lack of personal jurisdiction due to inadequate service.[FN2] "[B]ecause service of process is necessary to obtain personal jurisdiction over defendants, courts require strict compliance with the statutory methods of service" (Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d 1330, 1330 [2019] [internal quotation marks and citations omitted]). Plaintiff effected service pursuant to CPLR 308 which, as relevant here, authorizes service by delivery of a summons and complaint within the state to "a person of suitable age and discretion" at defendant's dwelling place, and by mailing the summons to defendant at his "last known residence" (CPLR 308 [2]; see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762 [2019]). As a general rule, "a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Carver Fed. Sav. Bank v Shaker Gardens, Inc., 135 AD3d 1212, 1213 [2016] [internal quotation marks and citation omitted]; see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1137 [2019]). Proof of service, in the form of an affidavit of service, established that, at 9:07 p.m. on November 21, 2017, plaintiff's process server left a copy of the summons and complaint at a specified address — defendant's residence — with "Jane Doe" who refused to provide her name and who was described as a female with white-colored skin and covered hair, 50 to 55 years of age and between 5 feet 4 inches tall and 5 feet 8 inches tall and between 131 and 160 pounds (see CPLR 306). The affidavit further stated that copies of the summons and complaint were mailed to defendant at that home address on December 1, 2017 (compare Wells Fargo Bank, N.A. v Heaven, 176 AD3d at 763). Thus, plaintiff made a prima facie showing that both the service and the mailing requirements of CPLR 308 (2) were satisfied (compare id.; Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d at 1330-1331).
To rebut that presumption of service, defendant was required to assert a claim with a "detailed and specific contradiction of the allegations in the process server's affidavit sufficient to create a question of fact warranting a hearing" (Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1171 [2012] [internal quotation marks and citations omitted]; see Fuentes v Espinal, 153 AD3d 500, 501 [2017]). An "unsupported denial of service is insufficient to dispute the veracity or content of the process server's affidavit" (Carver Fed. Sav. Bank v Shaker Gardens, Inc., 135 AD3d at 1213 [internal quotation marks, brackets and citation omitted]). In his answer, defendant admitted receipt by mail of the summons and complaint on or about December 4, 2017 and, in his motion, stated that, "several weeks before," a copy of those documents had been left on the front steps of his residence. In challenging the service of process as defective, defendant claimed that no person who fits the description in the affidavit of service "lives with" him, and that he did not receive the documents from the person served. He stated that the only two people who lived with him were his 20-year-old daughter and his wife, age 48 and 5 feet 1 inch tall. Defendant did not provide his wife's weight, race or skin color or indicate whether she typically covers her hair, and did not dispute that the address was his dwelling. Further, defendant did not deny that a person matching the description in the process server's affidavit of service was present at his home on the day of service (see Reliable Abstract Co., LLC v 45 John Lofts, LLC, 152 AD3d 429, 429 [2017], lv dismissed 30 NY3d 1056 [2018]). Although defendant alleged that his wife was "willing to testify that the papers were found on the front steps," he did not assert that she would testify that she did not receive the documents from the process server and, more to the point, he did not submit an affidavit from her attesting that she was not the person served.
We agree with Supreme Court's finding that there were only "minor differences" between the appearance of the unidentified woman served as described in the affidavit of service and defendant's minimal description of his wife. As defendant's denials were unsubstantiated and insufficiently detailed, he failed to rebut the presumption of service or to demonstrate that a traverse hearing was warranted (see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116 [2018]; US Bank N.A. v Cherubin, 141 AD3d 514, 516 [2016]; Christiana Bank & Trust Co. v Eichler, 94 AD3d at 1171; see also JP Morgan Chase Bank v Dennis, 166 AD3d 530, 531 [2018]; compare US Bank, N.A. v Schumacher, 172 AD3d at 1138; Fuentes v Espinal, 153 AD3d at 501; TD Banknorth, N.A. v Olsen, 112 AD3d 1169, 1170-1171 [2013]; NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [2004]). Accordingly, the court properly denied defendant's motion to dismiss on this affirmative defense.
With regard to the denial of defendant's request for a change of venue to Nassau County, where he resides and the relevant events occurred, "[g]enerally, a plaintiff's choice of venue will not be disturbed unless it is improper or a change of venue is warranted in the interest of justice" (State of New York v Slezak Petroleum Prods., Inc., 78 AD3d 1288, 1289 [2010]). Plaintiff, which we have concluded is a proper party to bring this action (see Social Services Law § 309 [11]; Executive Law § 63), was entitled to commence this action in Albany County, where its principal offices are located (see CPLR 503 [a]; State of New York v Mersack, 202 AD2d 899, 900 [1994]). Defendant's argument that there should be a change in venue because he cannot receive a "fair and impartial trial" in Albany County (see CPLR 510 [2]) is premised solely on his claim that, due to his health problems and need for daily religious observance, he "cannot guarantee that [he] will be able to arrive on time" to court.
To prevail on the motion, which is "addressed to the sound discretion of the trial court" (Sowell v Gansburg, 165 AD3d 1000, 1001 [2018]), "defendant was required to demonstrate a strong possibility that an impartial trial could not be obtained" in Albany County (Blaine v International Bus. Machs. Corp., 91 AD3d 1175, 1175 [2012]; see Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1160 [2012], lv dismissed 19 NY3d 874 [2012]). Defendant's unsupported and "conclusory allegations" are insufficient to demonstrate a strong possibility that the partiality of any trial in the county where venue was properly placed would be in question and, thus, Supreme Court providently denied the motion on this ground (United States Fid. & Guar. Co. v American Re-Ins. Co., 145 AD3d 600, 601 [2016]; see Lisa v Parikh, 131 AD3d 1135, 1136 [2015]).
Defendant's claim that a discretionary change in venue was necessary to further "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]) was properly rejected, as he failed to establish, "as required, the names and addresses of the nonparty witnesses [who] had expressed their willingness to testify, the substance and relevance of their proposed testimony, and how they would be unduly inconvenienced by appearing for trial in Albany County" (Talmadge v Roman Catholic Diocese of Albany, N.Y., 167 AD3d 1361, 1363 [2018] [internal quotation marks and citation omitted]; see Healthcare Professionals Ins. Co. v Parentis, 132 AD3d 1138, 1139-1140 [2015]). Defendant's personal inconvenience "carries little if any weight" (Healthcare Professionals Ins. Co. v Parentis, 132 AD3d at 1139) [internal quotation marks and citation omitted]), and his reliance upon his medical condition is unpersuasive in the absence of any medical evidence (see Pomaquiza v 145 WS Owner, LLC, 172 AD3d 1119, 1121 [2019]; cf. Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc., 50 AD3d 1239, 1240 [2008]). In any event, plaintiff offered to conduct depositions in Nassau County and to allow defendant to appear by telephone and, given the foregoing, we discern no error or abuse of discretion in the denial of defendant's motion for a change of venue (see Sowell v Gansburg, 165 AD3d at 1001). Defendant's remaining claims, to the extent preserved for our review, similarly lack merit.
Accordingly, plaintiff made "a prima facie showing of [its] entitlement to judgment as a matter of law and produce[d] sufficient evidence to demonstrate that there are no material issues of fact" with regard to its right to recover from defendant the fine due to OCFS, with interest and fees (Perkins v County of Tompkins, 179 AD3d 1334, 1335 [2020] [internal quotation marks and citation omitted]; see State Finance Law § 18), which defendant failed to overcome. As defendant's claims have been found to be meritless,[FN3] Supreme Court properly granted plaintiff's cross motion for summary judgment.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Because defendant filed an answer, his subsequent motion "was a CPLR 3212 motion for summary judgment that was based in part upon the CPLR 3211 (a) grounds asserted in the answer" (DelVecchio v Collins, 178 AD3d 1336, 1336 n [2019] [internal quotation marks, brackets and citations omitted]).

Footnote 2: Defendant did not waive his challenge to personal jurisdiction by filing an answer and appearing in the action, as he raised this claim in both his answer and his motion to dismiss (see Steuhl v CRD Metalworks, LLC, 159 AD3d 1182, 1183 [2018]).

Footnote 3: As defendant raises no specific arguments in his brief regarding the other aspects of Supreme Court's decision, those issues are deemed to have been abandoned (see State of New York v Jeda Capital-Lenox, LLC, 176 AD3d 1443, 1444 n 1 [2019]).