Hinsdale v Hurley (2026 NY Slip Op 50242(U))

[*1]

Hinsdale v Hurley

2026 NY Slip Op 50242(U)

Decided on March 3, 2026

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2026
Supreme Court, Rensselaer County

Irene C. Hinsdale, Plaintiff,

againstKevin Hurley, Defendant.

Index No. EF2021-269240

Cohen & Cohen Law, LLCSteven Cohen, Esq., of counselRachel Persaud, Esq., of counselFor PlaintiffKevin HurleyDefendant pro se

Noel Mendez, J.

In this 2021 action for unpaid rent on the commercial lease of a television studio, Defendant pro se Kevin Hurley ("Defendant") filed an order to show cause seeking to, among other things, vacate the judgment of default entered against him in 2021. Plaintiff Irene C. Hinsdale ("Plaintiff") opposes the motion. For the reasons that follow, the Court orders a traverse hearing to determine whether personal service was effectuated.I.In July of 2021, Plaintiff commenced this action seeking unpaid rent for a commercial space used for television work in the amount of $13,976.58. Defendant failed to file an answer or otherwise enter an appearance. In November of 2021, the County Clerk entered judgment in favor of Plaintiff, awarding interest in the amount of $410.11 and $505.00 in costs and disbursements, for a total of $14,891.69.
In January of 2026, after having a hold of approximately $28,500 placed on his bank account, Defendant filed an order to show cause pursuant to CPLR §§ 317 and 5015 (a) (4), alleging he was not properly served with the Summons and Complaint in this action. The gravamen of the order to show cause is that Defendant was living at a different address at the time service by way of "affix and mail" was effectuated. Defendant provided, among other things, a document purporting to be part of an electricity bill from the new address, but that document, with an indication that it was page "3 of 3," did not have the address listed thereon. Plaintiff opposed the motion, claiming that the affidavit of service is presumptively valid, and that Defendant failed to rebut the presumption so as to necessitate a hearing. This Court signed the order to show cause granting a hearing but denied Defendant emergency and other forms of requested relief. On the return date, the Court heard oral arguments. Defendant claimed that he had other documents in his possession tending to show he was no longer residing at the address where service was effectuated, and that he had moved out prior to the date of service. When asked why he did not include those documents with the proposed order to show cause, Defendant claimed that he had hastily prepared his application in light of facing financial hardship in the form of impending bills. The Court reserved decision.

II.
A defendant may seek to vacate a judgment of default pursuant to CPLR §§ 317 and 5015 (a) (4) by way of motion or an order to show cause upon the ground that the Court lacked jurisdiction to render the judgment.
"A court lacks personal jurisdiction over a person when a plaintiff fails to properly effectuate service of process upon them" (Emerald Green Prop. Owners Assn., Inc. v Gurevitch, 239 AD3d 1115, 1116 [3d Dept 2025] [citations omitted]). Courts require strict adherence to the statutory methods of service prescribed in the CPLR because service of process is necessary to obtain personal jurisdiction over a defendant (see State v Konikov, 182 AD3d 750, 752 [3d Dept 2020], lv denied 36 NY3d 906 [2021]). A process server's affidavit of service constitutes prima facie evidence that the defendant in an action was validly served, but a sworn denial of receipt of service submitted by a defendant that contains specific facts refuting the statements in the [*2]affidavit may serve to rebut the prima facie showing, thereby forcing the plaintiff to establish personal jurisdiction by a preponderance of the evidence at a traverse hearing (see U.S. Bank, N.A. v Schumacher, 172 AD3d 1137, 1137-38 [2d Dept 2019]).
Here, service of process was allegedly effectuated pursuant to CPLR 308 (4). The affidavit of service states that the process server attempted to effectuate service on three separate dates and three separate times at Defendant's purported residence in Rensselaeer County. Per that affidavit, on July 8, 2021, at 2:11 pm, the server attempted service. There was no answer at the door, but Defendant's name was listed on the relevant mailbox. On July 14, 2021, the server went to the subject location a second time, at 11:04 am. Again, there was no answer at the door, and Defendant's name was still listed on the mailbox. On this occasion, the server indicated there was a package and/or mail for Defendant, and that a neighbor had told them Defendant lived there. On July 16, 2021, at 6:02 pm, the server went to the subject location for a third and final time. Like before, there was no answer at the door, and Defendant's name was still listed on the mailbox. Also, there was a package and/or mail at the location with Defendant's name on it, and a neighbor once again stated that Defendant lived there. The server claims in their affidavit to have stayed at the subject location for half an hour, honking the horn of their car to get Defendant's attention. Defendant did not appear at the location to accept service. On that final day, the process server claimed to have personally affixed one copy of the Summons and Complaint, along with a Notice of Electronic Filing, on the front door of the subject location, and to have sent copies of these documents to that address by first class mail the following day. In rebuttal to the service affidavit, Defendant averred in his sworn statement denying service of process that he did not reside at the subject address at the time of service, having moved on or about June 10, 2021, to a new address in Albany County.
Defendant did not submit with the order to show cause sufficient documentary evidence corroborating his assertion that he had moved out of his residence in Rensselaer County and into a new home in Albany County prior to the attempt at service of the Summons and Complaint at his last known address. He did, however, submit a sworn statement asserting that he did, along with an address and a move-in date. Defendant also indicated to the Court on the return date of the order to show cause that he had documents tending to support his claims. The Court did not take testimony because neither side was ready to proceed with a hearing proper. Given the circumstances, the Court finds that Defendant's sworn statement denying service was sufficiently specific to rebut the process server's affidavit, such that a traverse hearing is warranted for the Court to assess the credibility and accuracy of Plaintiff's affidavit of service and Defendant's claims. Upon carefully reviewing the record and the applicable law, and for the above-mentioned reasons, it is
ORDERED, ADJUDGED, and DECREED, that Defendant's motion to vacate the judgment of default shall be held in abeyance pending the resolution of the traverse hearing; and it is further
ORDERED, ADJUDGED, and DECREED, that the traverse hearing shall be held, in person, at the Rensselaer County Supreme Court, on March 26, 2026, at 3:00 pm.
This shall constitute the Decision and Order of this Court. The Court has uploaded this original Decision and Order to the case record in this matter as maintained on the New York State Court Electronic Filing system ("NYSCEF"), whereupon it is to be filed and entered by the County Clerk's Office. Counsel is not relieved from the applicable provisions contained in CPLR 2220 and Section 202.5-b (h) (2) of the Uniform Rules of Supreme and County Courts, insofar as [*3]they relate to service and notice of entry, whether by mail or electronic means.
Dated: March 3, 2026Troy, New YorkHon. Noel MendezActing Justice of the Supreme CourtPapers Considered:All documents on NYSCEF